### ELLEN O. McKENZIE v. T. J. ROSS ET AL.

#### No. 2757.

**Heirship.**—Title to an estate of inheritance, real, personal, and mixed, when the owner dies intestate as to such estate and leaves no surviving husband or wife, but children, and also grandchildren whose parents are dead, descends and passes in parcenary to such children and grandchildren.

APPEAL from Wood. Tried below before Hon. Felix J. McCord. The opinion states the case.

*Giles & Hicks*, for appellant.

No brief for appellees.

HENRY, ASSOCIATE JUSTICE.—This is a suit for the partition of community property belonging to the estates of Oliver P. and Amanda Mann, instituted by appellant, their only surviving daughter, against appellees, who are the only children of two deceased daughters who both died after the death of their father but previous to the death of their mother.

The father died in 1877 and the mother in 1883.

The cause was tried without a jury, and judgment rendered dividing the land equally between the daughter and grandchildren. From this judgment plaintiff, appeals and claims that she is the sole heir of her mother, her sisters having died before their mother.

This court has held that previous to the passage of the Act of March 30, 1887, when the husband or wife died leaving the other surviving, grandchildren did not inherit community property against such survivor. Rev. Stats., art. 1653; Burgess v. Hargrove, 64 Texas, 110; Cartwright v. Moore, 66 Texas, 55.

The question before us now does not arise under this article, but under the following one: "Article 1645. Where any person having title to any estate of inheritance, real, personal, or mixed, shall die intestate as to such estate, and shall leave no surviving husband or wife, it shall descend and pass in parcenary to his kindred, male and female, in the following course; that is to say: 1. To his children and their descendants."

The judgment is affirmed.

*Affirmed.*

Delivered October 25, 1889.