# WILLIAM MILES ET AL. v. DEL. & H. CANAL CO.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY.

Argued February 24, 1891—Decided March 9, 1891.

1. Under a "lease" of coal lands, reserving the surface, until the merchantable coal shall be exhausted, providing that the lessor "shall pay all taxes on lands hereby leased" and the lessee "shall pay all taxes on their buildings and improvements," the lessors are liable for the taxes on both surface and coal in place.

2. In such case, taxes assessed to the lessee on the coal in place having

been paid by the lessee to the proper collector, on demand therefor, the lessee had the lawful right to retain the amount thereof out of royalties otherwise due to the lessor, and such payment was not voluntary.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

No. 343 January Term 1889, Sup. Ct.; court below, No. 464 March Term 1888, C. P.

On March 8, 1888, a case stated was filed, wherein William Miles and others, executors of the will of Charles G. Smull, deceased, were plaintiffs, and the Delaware & Hudson Canal Co., defendant, setting forth as follows:

That, on October 21, 1880, the plaintiffs, being the owners in fee of about 307 acres of coal land in the First ward of the borough of Dickson City, leased the same to the defendant company, reserving the surface but giving the company the right to make and erect certain improvements thereon. The term of the lease was not for any definite number of years, but it was provided that the lessee should mine 50,000 tons of coal annually, beginning January 1, 1881, until the merchantable coal should be exhausted, and should pay twenty-two cents per ton royalty in cash, on the first day of April, July, October and January, for coal mined during the three preceding months. The lessee entered upon said lands in pursuance of the lease, commenced the mining and shipping of coal, and the lease remained in full force and effect.

That, in respect to the payment of taxes, the lease contained the following provisions:

" That the said parties of the first part (the lessors and plaintiffs), their heirs and assigns, shall pay all taxes on lands hereby leased; and the party of the second part (lessee and defendant company), their successors and assigns, shall pay all taxes on their buildings and improvements; also, all special state or national taxes that may be levied upon coal after it is mined."

That the assessor of the First ward of said borough of Dickson City, for the year 1886, under instructions given to him by the county commissioners, had assessed the surface of said lands to the lessors, the plaintiffs, and the unmined coal thereunder to the lessee, the defendant company; that the plaintiffs

had paid all the taxes assessed against them for the year 1886 on the surface, and the defendant company, on demand made by the proper collectors, had paid all the taxes assessed against it, for said year, to wit, $372.11, on the coal in place; but, on December 15, 1886, the defendant company retained and deducted said amount, to wit, $372.11, from the royalties then due to the plaintiffs upon coal that had been mined.

If the court should be of the opinion that the defendant company was liable for the taxes on unmined coal or coal in place, under said lease, judgment was to be entered for plaintiffs for $372.11, with interest from December 15, 1886, and costs; otherwise, judgment to be entered for the defendant, with costs of suit, provided the court should be satisfied that defendant company had the right to retain said royalties and apply them in the payment of said taxes. Each party reserving, etc.

After argument of the case stated, the court, ARCHBALD, P. J., on June 11, 1888, filed the following opinion:

The so-called lease from the plaintiffs to the defendant no doubt created a divided ownership between the coal and the surface, and if there was nothing more in the case, each of the parties would be liable only for the taxes assessed against their respective properties: Logan v. Washington Co., 29 Pa. 373; Sanderson v. Scranton City, 105 Pa. 469; Del. etc. R. Co. v. Sanderson, 109 Pa. 583. But, in the lease in question, the parties saw fit to introduce a stipulation with regard to the taxes, which must now control them. It is there agreed that "the parties of the first part (the plaintiffs here), their heirs and assigns, shall pay all taxes on lands hereby leased, and the party of the second part (the defendants), their successors and assigns, shall pay all taxes on their buildings and improvements; also, all special state or national taxes that may be levied upon coal after it is mined."

The "lands leased" are defined and determined by reference to the first part of the same instrument, where the plaintiffs "lease" unto the defendants, their successors and assigns, "all the merchantable and workable coal contained in vein known as the ' Grassy Island' vein, or such other workable and merchantable veins as the property hereby leased may contain;

Opinion of Court below.

the said supposed veins of coal being contained in or under that certain piece or tract of land situate, . . . . . bounded and described as follows," giving the description in full. The lands leased, therefore, either include the whole body of the property, both coal and surface, or, if confined to anything less must be applied to the coal which, strictly speaking, is the subject of the lease or conveyance. In either event, by the stipulation referred to, the taxes thereon are to be paid by the plaintiffs, the defendants having to pay only the taxes on their buildings and improvements and any special state or national taxes upon the coal after it is mined.

This lease was executed before the case of Sanderson v. Scranton determined that an instrument of this character amounted to a conveyance and sale of the coal, vesting the ownership of it in the lessees. It was candidly admitted by plaintiffs' counsel that at the time it was executed, the agreement with regard to the taxes would by the common understanding be taken to mean just as we have now construed it. This is perhaps of no vital importance; and yet, it may be pertinent to ask, how has that decision in any way affected this construction? It is possible, that had the decision preceded the agreement, and the liability of such lessees, as owners of the coal, for the taxes thereon, been then established, the plaintiffs might not have inclined to assume the burden of them. But, because that decision has enlarged their legal vision, they cannot therefore expect to remodel their contract. The defendants have accepted a lease of the coal, and agreed to mine and pay for it upon certain terms and conditions. One of these is that the taxes upon the lands as leased shall be paid by the plaintiffs. This is the bargain and it must be adhered to.

The taxes upon the coal in place have been assessed to and paid by the defendants. The severance of the ownership of the coal from the ownership of the surface no doubt warranted this assessment; but that does not affect, of course, the agreement of the parties; and the defendants having been made liable for the taxes which the plaintiffs were bound to pay, could recover the same by action, or may do as they have done, deduct them from the royalties which would be otherwise due to the plaintiffs. Such payment cannot be regarded as voluntary:

Caldwell v. Moore, 11 Pa. 58; Hogg v. Longstreth, 97 Pa. 255; Commonwealth N. Bank v. Shoemaker, 13 W. N. 255, so as to defeat this right.

According to the terms of the case stated, judgment is entered for the defendant with costs. Exception to plaintiffs.

—Thereupon the plaintiffs took this appeal, assigning the order entering judgment on the case stated for the defendant, for error.

*Mr. John R. Jones*, for the appellants.

That the plaintiffs were not assessable with the taxes paid by the defendant, counsel cited: (1) Logan v. Washington Co., 29 Pa. 373; Scranton City v. Gilbert, 16 W. N. 28; Sanderson v. Scranton City, 105 Pa. 469. (2) Caldwell v. Fulton, 31 Pa. 475; Del. etc. R. Co. v. Sanderson, 109 Pa. 583; Woodward v. Railroad Co., 121 Pa. 344; Montooth v. Gamble, 123 Pa. 240. That the defendant had no legal right to deduct the amount of the taxes from the plaintiffs' royalties: (1) Union Ins. Co. v. Allegheny, 101 Pa. 250; Neill v. Lacy, 110 Pa. 294; Taylor v. Board of Health, 31 Pa. 73; Jackson v. Newman, 59 Miss. 385 (42 Am. Rep. 367); Briggs v. Lewiston, 29 Me. 472; Grim v. School Dist., 57 Pa. 433; Wilson v. Pelton, 40 Ohio 306; Christ Church Hospital v. Philadelphia, 24 Pa. 229; Lehigh C. & Nav. Co. v. Brown, 100 Pa. 338.

*Mr. W. H. Jessup* (with him *Mr. Alfred Hand*), for the appellee.

Counsel discussed the cases presented by the plaintiffs, and that the payment of the taxes by the defendant was in no sense voluntary, cited: Hogg v. Longstreth, 97 Pa. 255; King v. Building Ass'n, 106 Pa. 165; 2 Whart. on Cont., §§ 759, 761; Pitt v. Purssord, 8 M. & W. 538; Shaw v. Loud, 12 Mass. 447; Hutton v. Eyre, 6 Taunt. 289; Sleigh v. Sleigh, 5 Exch. 514; Goodal v. Wentworth, 20 Me. 322; Mauri v. Heffernan, 13 Johns. 58; Graham v. Allsopp, 3 Exch. *198; Jones v. Morris, 3 Exch. *742.

Per Curiam:

This judgment is affirmed upon the opinion of the learned judge of the court below.

Judgment affirmed.