# Freeman *v.* The State.

### Contest of Tax Assessment.

1. *Taxation; lease of timber interest in lands subject to taxes.*—Where a person leases for a term of years from the owner thereof certain described lands, "for the purpose of cutting pine saw logs therefrom," the timber to be cut being described as of certain dimensions, and it being estimated by the parties that the lands contained a designated quantity of such timber, for which the lessee was to pay a certain ꞏꞏ ꞏ ꞏ ꞏet, and the contract of lease provides that it shꞏꞏꞏk ꞏ ꞏ ꞏꞏable ꞏt the owner's option, if the lessee should fail to comply with its terms, and it is further stipulated therein that if the lessee obtained more logs than the estimated quantity from said

[Freeman v. The State.]

lands, he should pay for the excess at the rate fixed in the contract, such lessee has a special timber interest in the said lands, which, under the provisions of the statute (Code of 1886, § 453, sub-div. 1), is subject to taxation.

2. *Same; same; how such lands and the timber interest should be assessed.*—Where there exists such a special timber interest in lands, for the purpose of taxation, the lands should be assessed to the owner at their fair value, considering the right and interest of the lessee therein, while the special timber interest, which attached to all saw logs of the designated dimensions, as contradistinguished from all the timber on all the said lands, should be assessed to the lessee at its fair market value, which from year to year, so long as the lessee continued to cut under his contract, becomes less and less; and to the extent of the value of these timbers from year to year, as ascertained for taxation, the value of the lands to be assessed to the owner for taxation is diminished.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. WILLIAM S. ANDERSON.

The facts of this case are sufficiently stated in the opinion.

The court at the request of the plaintiff gave the general affirmative charge in its behalf, and refused a similar charge requested by the defendant; and to each of these rulings the defendant separately excepted.

There was judgment in favor of the State. The defendant appeals, and assigns as error the rulings of the court in giving the general affirmative charge requested by the State, and the refusal to give a similar charge requested by the defendant.

FRANK STONE, JR., and CHAS. L. BROMBERG, JR., for appellant.—Under the contract of lease the appellant had no interest in the land which he could sell or transfer; but he only had a right to cut the timber therefrom. His interest was in the contract, and not in the timber, and, therefore, he had no taxable timber interest.—Code of 1886, § 453.

There was no proof or evidence of value of appellant's interest under the contract with the Perdido Land Co. The only proof offered was of the entire timber interest in such lands, but which appellant does not own. In the case of *Sullivan v. State,* 110 Ala. 95, this court held that the burden of proof was upon the State to prove the issue in such a case as this and failing to make this

[Freeman v. The State.]

proof, the giving of the general affirmative charge for the State was error, and the court should have given the general affirmative charge as requested by appellant.

WILLIAM C. FITTS, Attorney-General, for the State. There can be no doubt but that the appellant had an interest created by his contract of lease which was subject to taxation.—12 Amer. & Eng. Encyc. of Law, 1022, 1023; *Bowditch v. Chickering,* 139 Mass. 283; *Hughes v. Young,* 51 Gill & J. (Md.) 67; *Paul v. Chickering,* 117 Mass. 265; *Succession of Will,* 15 La. Ann. 381; Wood's. Landlord & Tenant, § 320.

HARALSON, J.—The Code of 1886, section 453, subdiv. 1, provides for the assessment of each piece, parcel, tract, or lot of land in this State for taxes, "and every separate, or special interest in any land, such as mineral, timber or other interest, when such interest is owned by a person other than the owner of the surface or soil."

The tax assessor of Baldwin county assessed against Freeman & Washburn, of which firm the appellant is the surviving partner, for the year 1896, the "timber on all sections" (naming them) at a valuation of $20,570. On the 2d of June, 1896, said parties appeared before the board of equalization of the county, "and alleged that they did not own the above described timber, but had only a lease of it for a term of years, and were not, therefore, liable for the taxes upon the same." After hearing the cause, the board decided that said parties · were liable for the taxes· thereon, to the amount of $205.70. From this decision they appealed to the circuit court.

The State by its solicitor filed its complaint in said circuit court, alleging that the assessment returned by the assessor was incorrect, in that it failed to assess any valuation upon the alleged timber interest of said parties in the lands described in the assessment, and that the fair market value of said timber interest was $20,570.

Upon this complaint the defendants took issue, and pleaded specially, that they were not the owners of the property described in the complaint, but that it was the property of the Perdido Land Company.

The averments of the complaint were fully established by the evidence. The assessment, on its face, shows that it was the timber on all the lands described, as contradistinguished from a mere timber interest, which was valued and assessed by the assessor. The proof showed that it was a timber interest in said lands,—which attached to all saw logs of certain dimensions,—and not all the timbers thereon, of every kind, in which said parties had an interest; and that the assessor had failed to assess any valuation upon the interest of said firm in the timber on the lands described. It further showed that the fair market value of said timber interest was $20,570, and that the board of equalization had assessed such timber interest at that sum. On this aspect of the case, the evidence fully justifies the general charge for the State. This, however, was not the issue tried before the board of equalization,—not the one raised there by the appellant,—but raised for the first time by the State in the circuit court. It was perhaps unnecessary for the State to have raised the issue on that appeal, as the appellants had not questioned the correctness of the assessment before the board on any other ground than that they were not the owners of the timber, but only on the ground that they leased it for a term of years, and were, therefore, not liable for the taxes on the same. This question was again presented by proper plea in the circuit court, and this issue was found against the appellants. The facts tending to show the truth of the plea are undisputed, and arise out of what is referred to as a lease of the lands described in the assessment, by the said firm from the Perdido Land Company. That paper read in evidence recites that said company had leased "unto the said Freeman & Washburn for the period of eight years, for the purpose of cutting pine saw logs therefrom, the following described lands in Baldwin county, Alabama," (describing the lands mentioned in the assessment). The timbers to be cut were described as of certain dimensions; by an estimate made, as stated, it had been ascertained that the lands contained 20,570,000 feet of such timber, board measure, for which the parties were to pay one dollar per thousand feet, and give their three promissory notes for the estimated amount, payable respectively in 12, 18 and 24 months from date, with interest at 6 per cent

[Freeman v. The State.]

per annum from date; the notes to be indorsed by certain persons named. Drafts were to be given by the 10th of each month for the amount of timber cut from the lands the preceding month, the same when paid to be credited on said notes, beginning with the one first to become due, and so on to the last. The contract contained other provisions looking to the protection of the company, among which were, that if the said F. & W. should fail to comply with any of the provisions of the contract, the lease should be voidable at the option of the company; and if it should appear that the said F. & W. had obtained logs from said lands to the extent of more than the estimated quantity on the lands, they should pay for such excess at the rate of one dollar per thousand feet.

The Code of 1886, section 477, provides, that real property shall be listed for taxation by the lessors, when the same is under lease. The general rule is, that in the absence of a covenant on the part of the lessee to pay taxes, a tenant for years is not compelled to pay them.—12 Am. & Eng. Encyc. of Law, 1023; Cooley on Tax., pp. 396-400. The contract between the parties contains no stipulation as to who should pay the taxes either on the land or on the timber, nor does it contain any provision against the assignment of the lease.

Under our construction of the contract, for the purposes of taxation, the lands were to be assessed at their fair value, considering the right of the lessee therein, to the owner of them,—The Perdido Land Company. The contract was a lease of the lands, as it specifies, "for the purpose of cutting pine saw logs," and for no other purpose. Thereunder, the lessees had the right to enter and cut the specified timbers and no others, and until a forfeiture of their right to do so, if it should occur, they had the right to cut the standing trees, and when and as they were cut, they became the property of the lessees. This was a special timber interest in the lands such as is provided by the Code to be subject to taxation. This right had a value, which from year to year, so long as the lessees of the lands for the purposes specified, continued to cut and appropriate the timbers, became less valuable, the real value each year, being easily ascertainable. To the extent of the value of these timbers from year to year, as ascertained for taxation, the value

[Western Assurance Co. of Toronto v. McGlathery.]

of the lands to be assessed to the owner, would be diminished, for the same purposes. Otherwise double taxation on the same property would result.

There was no error in giving the general charge for the State, on this, as on the other branch of the case and its judgment must be affirmed.

Affirmed.