YAZOO & MISSISSIPPI VALLEY RAILROAD CO. *v.* WIRT ADAMS, STATE REVENUE AGENT.

1. RAILROADS. *Conditional exemption.   Interpretation of charter.   Laws 1882. p. 838.*

    A statutory exemption from taxation, conditioned upon the completion of its road to a certain point, cannot be claimed by a railway company that has merely consolidated with and acquired the property of another company having a constructed line to such point.

2. SAME. *Lease.   Liability of lessor for taxes.*

    The leasing of its road to another company, which assumes the payment of taxes, does not release a railway company of its liability for the same.

3. SAME. *Municipality.   Taxes.   Exemption.   Power of municipality.*

    The exemption of a taxpayer from municipal taxes is not within the power of a city.

FROM the circuit court of Hinds county.

HON. ROBERT POWELL, Judge.

76 Miss.—35

This case was before the supreme court on a former appeal. 75 Miss., 275. The action was one by the revenue agent for the taxes due the cities and towns on that part of defendant's line extending from Jackson to Greenwood inclusive. After the judgment sustaining defendant's demurrer to plaintiff's declaration was reversed on the former appeal and the cause remanded, plaintiff amended his declaration so as to demand the taxes for the years 1886 to 1897 inclusive. The defendant pleaded (1) the general issue; (2) that it had constructed its road to the Mississippi river in this state; that it had, by consolidation with the Louisville, New Orleans & Texas Railroad Co., reached that river at points where said last named road touched the same; (3) an exemption granted by the board of mayor and aldermen of the city of Jackson from municipal taxes; (4) that defendant's road had been leased to the Illinois Central Railroad Co., and that, under the terms of such lease, said last named company bound itself to pay all taxes; that defendant was' exempt from all· municipal taxation under its charter, and that the power to make such exemption was recognized by the supreme court (*Mississippi Mills* v. *Cook*, 56 Miss., 40); that at various times bills for the repeal of said exemption had been introduced in the legislature but were not passed, and that said charter exemption still remained in force. The plaintiff's demurrer to these several pleas, other than the general issue, having been sustained, the jury were charged to find for the plaintiff. From the judgment entered upon their verdict this appeal is prosecuted. The opinion of the court sets out the statute construed.

*Mayes & Harris*, for appellant.

1. The second plea set up, in brief, the claim that the railroad company had fulfilled the condition of section eight of its charter by the purchase, in 1890, of the Natchez & Jackson Railroad by the Louisville, New Orleans & Texas Railroad Company, and by the subsequent consolidation which occurred

between the Louisville, New Orleans & Texas Railway Company and the defendant, the effect of all of which was that the defendant's road is now connected with the Mississippi river at Natchez, Vicksburg, Friar's Point, and other places. Section five of the charter of the defendant expressly authorizes the acquisition of other lines of railroad, and provides in brief that in such cases the consolidated company, or the leasing company, shall have all the rights, privileges, franchises, immunities, etc., granted in the charter, with this restrictive proviso, that by such acquisition of other lines the privileges contained in defendant's charter shall not be extended over the property thus acquired.   By this plea, however, we are not seeking to extend such privileges over property so acquired. We are only claiming the privilege as to the property constructed under the original charter.   Our point is that section five, taken in connection with section eight, means that the reaching of the Mississippi river by the line of railway under one management, and that management the defendant, whether the Mississippi river be so reached by consolidation or purchase of lines connecting with the lines constructed by defendants under its charter, is a "completion of said railroad to the Mississippi river" within the purview of section eight of the charter, so as to put the exemption therein granted into operation, although such exemption does not govern any property except property constructed under the charter of the defendant.

2. The second point to be considered is the action of the court in sustaining the demurrer to the defendant's third plea. This plea sets up a special contract made with the city of Jackson, whereby the railroad company was exempted from city taxes in consideration of the fact that it should select the city of Jackson for the point of connection with the Chicago, St. Louis & New Orleans Railroad (now the Illinois Central).

The objection made to this plea in the court below was want of authority on the part of the city to make such contract. We submit that, even if it be true that there was originally a

want of authority to make the contract, the defense of *ultra vires* cannot be set up in a case like this, where the city is realizing and is now in the enjoyment of the benefits of the contract. The city has obtained what it stipulated for, and obtained it in the fullest measure, and we invoke the doctrine of estoppel, so far as Jackson is concerned.    The city has no right now to set up the question of *ultra vires*, under the circumstances.    That the city can be estopped in respect to matters of this nature, notwithstanding original want of authority, see 2 Herman on Estoppel, 1264; *State* v. *Milk*, 11 Fed. Rep., 397; *Enfield* v. *Permit*, 5 N. H., 280; *Commonwealth* v. *Andre*, 3 Pick., 224; *Commonwealth* v. *Proprietor*, 10 Mass., 155; *People* v. *Society*, 2 Payne, 545; *State* v. *Bailey*, 10 Ind., 452; *People* v. *Maynard*, 15 Mich., s. c. 5 Fed. Rep., 326; 2 Herman on Estoppel, p. 1264, sec. 1128, and authorities cited.

3. The third point to be considered is the action of the court below in sustaining the demurrer to the fourth plea of the defendant.    This plea sets up the fact that the railroad property on and about which the taxes were levied was leased to the Illinois Central at a time when the unchallenged law as expounded by the court in this state was to the effect that the exemption was valid and binding until repealed by the legislature, etc.    Our claim is that where parties make a contract of this character, relying upon a certain condition of the law as expounded by the supreme court of the state, although the supreme court may afterwards reach a conclusion that the original decisions were inaccurate and ought to be overruled; yet, nevertheless, as to transactions had and obligations incurred at a time when the law was so declared to be by such supreme court, such declaration of the law constitutes the law and must be accepted as such for the purpose of the particular case in litigation.    *Gelpoke* v. *Dubuque*, 1 Wall., 175; *Olcott* v. *Supervisors*, 16 Wall., 673, 690; *Township* v. *Talcot*, 19 Wall., 666, 673; *County of Ralls* v. *Douglass*, 105 U. S., 728, 731; *Bolles* v. *Brimfield*, 120 U. S., 759; *Doe* v. *Hamilton*, 23 Miss., 496, 498; *Lombard* v.

*Lombard,* 57 Miss., 171; 23 Am. & Eng. Enc. L., 28, 31; Herman on Estoppel and Res Adjudicata, 123, 116; *Madison County* v. *Brown,* 67 Miss., 684; *Pittlekow* v. *Milwaukee,* 69 N. W. Rep., 8031; *Jones* v. *Great Southern Hotel Co.,* 86 Fed. Rep., 370.

*Williamson & Potter,* for appellee.

1. There is no merit in the second plea, and it is no defense to the action, because it does not show the "completion of said railroad to the Mississippi river," as provided in the eighth section of appellant's charter, where the exemption is made. "Legislation which relieves any species of property from its due proportion of the burdens of government must be so clear that there can be neither reasonable doubt or controversy in regard to its meaning." *Y. & M. V. R. R. Co.* v. *Thomas,* 65 Miss., 562. The only road that the legislature then had in mind was appellant, and, by the benefits offered, attempted to induce it to run through the alluvial section of the state and connect with the Mississippi river. This is the construction to the river that the legislature had in mind, and not by consolidating with the Natchez, Jackson & Columbus Railway, for these roads and their connection with the river were already had. The exemption was to be granted for the doing of a particular thing by the corporation in the manner then contemplated. *Adams* v. *Railroad Co.,* 75 Miss., 275. Instead of the matter pleaded being clearly within the meaning and provisions of the legislature, it is wholly foreign and contrary to its meaning and purpose, and is, in fact, against sound public policy.

2. The third plea seeks to set up an exemption made by the municipal authorities of the city of Jackson in the year 1882. This exemption is in violation of section 20, article XII., constitution of 1869, which provides that taxation shall be equal and uniform throughout the state, and, under this provision, the board of aldermen had no power, by exemption, to produce and bring about any kind of inequality. 2 Dillon Municipal

Corporations, note 1, sec. 781; 26 Am. & Eng. Enc. Law, 607; *State* v. *Hannibal Ry. Co.*, 75 Mo., 208; *Brewer Brick Co.* v. *Brewer*, 62 Me., 62; *State* v. *Taylor*, 48 Conn., 145; *State* v. *Gracey*, 11 Nev., 223; *Mark* v. *Jones*, 21 N. H., 393; *Hazlett* v. *Mt. Vernon*, 33 Iowa, 229. Section 192 of the constitution of 1890 provides that provision shall be made by general laws whereby cities and towns may grant certain exemptions, but there was no such power under the constitution of 1869.

3. The fourth plea undertakes to set up some imaginary vested right acquired under the ruling in the Cook case, and, by this indirect and strained pleading, to raise and inject a federal question into this case. In support of the court's action in sustaining the demurrer to this plea, we cite the former ruling of this court, holding that the exemption was conditioned upon the road's being built to the river.

WHITFIELD, J., delivered the opinion of the court.

The preamble of the act, under which the exemption here is claimed, recites as follows: "Whereas, The physical difficulties of constructing and maintaining railroads to, across, along, or within either the Mississippi, Sunflower, Deer Creek, or Yazoo bottoms, or basins, or other alluvial lands herein referred to, are such that no private company has so far been able to establish a railroad or branches, developing said basins and alluvial lands, and connecting them with the railroad system of the country; therefore, in order to induce the investment of capital in the construction of said road, etc.," numerous and extraordinary privileges were granted, among others an exemption from taxation, as set out in section eight of the act, upon the express conditions of "the completion of said road (that is, the Yazoo & Mississippi Valley Railroad) to the Mississippi river."

And yet, without pretense of ever having "completed" the construction of the said railroad to the Mississippi river, it is gravely urged that because the Yazoo & Mississippi Valley Railroad Co. consolidated with the Louisville, New Orleans & Texas

Railroad Co., which had bought out the Natchez, Jackson & Columbus Railroad Co., the exemption had been earned.    It ought to be obvious that a paper consolidation is not a completion by physical construction to the Mississippi river.    The reasons underlying the exemption—the consideration to the state—are plain, are adverted to in the preamble, and utterly negative the claim of appellant.    *Adams* v. *Railroad Co.*, 75 Miss., 275; *Yazoo & Mississippi Valley R. R. Co.* v. *Thomas*, 65 Miss., 562, affirmed 132 U. S.

The city of Jackson had no power to grant the exemption claimed.    There is no merit in any of the contentions.

*Affirmed.*