# Richmond.

## WILLIS'S EX'OR v. COMMONWEALTH.

### NOVEMBER 23, 1899.

1. GROUND RENTS—*Real Estate—Not Taxable as Personalty.*—A rent charge or ground rent is real estate, and subject to all of its incidents, including curtesy and dower. Upon the death of the owner it descends to his heir or devisee. Such rents, though not common in this State, are recognized as valid. If taxable at all, they are taxable as real estate, and it is error to enter them on the personal property books of the Commissioner of the Revenue.

2. TAXES—*Assessment—Failure to Provide Method of Assessment.*—No property can be assessed with taxes until the Legislature has made suitable provision for that purpose. It has made no such provision for ascertaining and assessing for taxation the value of ground rents, and hence they are not taxable.

3. GROUND RENTS—*Valuation of.*—The value of the estate in a ground rent is not the amount of the annual rent, but the value of the *corpus* or principal which produces the rent, and of which the rent is the fruit or product.

Error to a judgment of the Hustings Court of the city of Richmond, rendered February 8, 1899, on an application by the plaintiffs in error to correct an erroneous assessment.

*Reversed.*

The testator, in his life-time, had conveyed certain real estate in the city of Richmond to different parties, reserving perpetual ground rents amounting to $8,100; but providing that the grantees after a specified time might redeem the land from the ground rents by paying different sums, aggregating $135,000.

The examiner of records reported this $135,000 as liable for taxation, and the Commissioner of the Revenue entered the same on the personal property books, and returned the same for the years stated in the notice set out below. Thereupon the plaintiffs in error applied to the Hustings Court of the city of Richmond to correct the assessment and to exonerate them from the payment of the tax based thereon. But the court refused to grant the relief prayed, and the plaintiffs in error applied for and obtained the present writ of error.

The following is a copy of the notice given by the plaintiffs in error, which was the commencement of this proceeding:

" To the Commonwealth's Attorney for the city of Richmond, Va., the Commissioner of Revenue for the said city, and the Examiner of Records for the Seventh Judicial Circuit of Virginia:

" Take notice, that the undersigned executors of the estate of Francis T. Willis, deceased, will, in accordance with section 567 of the Code of Virginia, and chapter 707, section 3, of Acts of Assembly, 1897-'98, apply to the Hustings Court for the city of Richmond, Va., on the 7th day of November, 1898, to exonerate them from the payment of State taxes erroneously charged against them for the year 1898 on $135,000 of personal property, embraced in an entry on page 12, lines 23 and 24 of the personal property book of the city of Richmond, made by the Commissioner of Revenue for said city upon a report made to him by W. H. Sands, examiner of records, for the Seventh Judicial Circuit of Virginia, the total valuation of the said personal property on said lines being $148,714, and furthermore to exonerate them from the payment of State taxes erroneously charged against them on $125,000 of personal property for the years 1893, 1894, 1895, 1896, and 1897, each respectively appearing in the aforesaid book on the aforesaid page, lines Nos. 25, 26, 27, 28, and 29.

"And you are hereby requested to appear in said court on said day and defend the said application or be examined as witnesses touching the same as provided by law."

*Leake & Carter, W. B. Tennant*, and *John Dunlop*, for the plaintiffs in error.

*Attorney-General A. J. Montague*, and *H. R. Pollard*, for the Commonwealth.

RIELY, J., delivered the opinion of the court.

Each of the conveyances set forth in the record conveys to the grantee the whole estate of the grantor in the realty described, subject to a fixed annual ground rent or rent charge to be forever paid to the grantor, his heirs, personal representatives, or assigns, and also subject, by the express terms of the grant, to the right of distress and re-entry upon default in its payment. The reservation of the ground rent constitutes in each case the sole consideration for the conveyance. Provision is made for the redemption of the land from the ground rent upon the payment of a specified sum after a certain number of years, but this right of redemption is wholly optional with the grantee. This is not an unusual provision in a conveyance of this kind, and in no way affects the character of the rent charge. The grantor has no power to compel the payment of the sum necessary to extinguish the rent. All that he can require is the payment of the rent reserved, and if it be not paid, he may resort to his right of distress and re-entry. There is nothing on the face of the conveyances or in the record, to warrant the conclusion that they are mortgages in disguise, or were resorted to for the purpose of evading the payment of taxes. Ground rents, though not common in this State, are yet recognized as valid. *Wartenby* v. *Moran*, 3 Call 491.

A rent charge, or ground rent, is held to be real estate and subject to all its incidents. It descends, on the death of the owner, to his heir or his devisee, and is subject to curtesy and dower. Cadwalader's Law of Ground Rents, sec. 190; Coke on Littleton, 29a, 32a; and 1 Lomax Digest, 561-62. See, also, Code of Virginia, secs. 2783, 2788.

Therefore, as such rents are in law realty and not personalty, the entry of the ground rents in controversy upon the personal property book by the Commissioner of the Revenue as a charge against the executors of the decedent, if liable to taxation, was improper, and should have been stricken therefrom under the motion of the plaintiffs in error.

The question then arises, whether the ground rents are under the law taxable as real estate, and this depends upon the further inquiry, whether the Legislature has made the necessary provision for their assessment for the purposes of taxation. It has not done so in terms.

Art. 10, sec. 1, of the Constitution, provides that " all property, both real and personal, shall be taxed in proportion to its value, to be ascertained as prescribed by law "; and sec. 456, of the Code, provides that " all real estate," except certain specified real estate which is expressly exempted from taxation, " shall be subject to such annual taxation as may be prescribed by law."

In pursuance of the constitutional provision, the Legislature, in chapter 23 of the Code, has made numerous provisions for ascertaining and fixing every five years, by duly appointed assessors, the value of all lands and lots, together with the improvements thereon, for the purposes of taxation; and by sec. 479 of the Code the Commissioner of the Revenue is required, when he ascertains that there is any patented land in his district, which has not before been entered on his book, or, after being entered, has from any cause been omitted for one or more years, to make an entry thereof, and of the name of the owner; and if there be no reassessment of the value thereof, to make such assess-

ment by reference to the assessed value of contiguous lands similarly situated. By sections 481 and 484, he is required to raise or reduce the value of the land as before charged, as it may have been increased or diminished in value by new buildings and enclosures, or by the destruction of former ones.

By section 439 the Register of the Land Office is required, when an assessment is to be made, to furnish a list of all grants of land within each county and corporation issued during the year next preceding the assessment, which, together with a copy of the land book for the county or corporation and a list of the conveyances recorded since it was made out, the clerk of the court of the county or corporation shall deliver to the assessor or assessors of lands; and by section 441, it is made the duty of the assessors to examine all the lands and lots, with the improvements thereon, within their respective counties, districts, and corporations, and, upon such examination, ascertain and assess the cash value thereof, upon forms furnished by the Auditor of Public Accounts so arranged as to show the lands and lots in the district of each Commissioner of the Revenue separately.

By section 464 each Commissioner of the Revenue is required to make out his land book in such form as the Auditor of Public Accounts may prescribe; and the Auditor is required to arrange the book so that it shall shew in one table the tracts of land, and in a separate table the town lots. Sections 465 and 466 prescribe minutely how the Commissioner shall enter and describe in the land book each tract of land and town lot. He shall, in entering tracts of land, set forth, among other things, the number of acres in the tract, the value of the land per acre, including the buildings, a description thereof with reference to its location, and its distance from the court-house; and, in entering town lots, he shall set forth, among other things, the number of the lot, a description, where the person does not own the whole lot, of the part which he owns, the value of the buildings on the lot, and the value of the lot including the buildings.

By the rules prescribed for the construction of statutes, it is provided that the word " land " or " lands " and the words " real estate " shall· be construed " to include lands, tenements, and hereditaments, and all rights thereto and interests therein, other than a chattel interest," (Code, Ch. 2, Sec. 4, tenth sub-division), and, therefore, the word " land " or " lands," as thus defined, is sufficient to include ground rents; but it is plainly apparent from a comparison of the various statutes providing for the assessment of the value of lands and lots for the purposes of taxation, of which the principal ones have been referred to, and an examination of their language, that the Legislature, in enacting these statutes, had in view only lands and lots as popularly understood, and not in mind such real estate as a rent charge, or ground rent. They contain no provision for the assessment of the value of an estate of this character in real property, nor any language that can be so construed. This kind of estate in land is separate and distinct from the land itself, and is clearly not embraced within the provisions of the said statutes. There are no others providing for the assessment of lands and lots, and consequently, the Legislature has made no provision for ascertaining and assessing for taxation the value of ground rents. Whether the omission was intentional or unintentional, the result is the same. It is not the province or within the power of the court to make the assessment. No property can be assessed with taxes until the Legislature has made proper provision for this purpose. *Va. & Tenn. R. Co.* v. *Washington County*, 30 Gratt. 471; and *New York, &c. R. Co.* v. *Supervisors*, 92 Va. 661.

The value of the lots, together with the improvements thereon, in the case at bar, is assessed under the statutes referred to, and the taxes, according to such valuation, paid by the respective grantees; and taxes on the ground rent, in the form of income, are paid as it is received, and thereafter upon the property in which it may be invested. The value of the estate in the ground rent is not the amount of the annual rent, but the value of that—

the *corpus* or principal—which produces the rent, of which it is the fruit or product. But until the Legislature has seen fit to provide for its taxation, and prescribed how its value shall be ascertained, it cannot be assessed with taxes. In the State of Pennsylvania, and, perhaps, in some of the other States, where ground rents prevail, special provision has been made by legislative enactment for their assessment as separate, distinct, and independent estates from the land upon which they are reserved.

It follows that the Hustings Court erred in refusing to exonerate the plaintiffs in error from the payment of the taxes described in their notice and motion, and this court will enter such judgment as it ought to have entered.

*Reversed.*