## STATE v. SHAMBLIN.

No. 28628.     May 9, 1939.

Everett S. Collins, County Attorney, A. J. Mauldin, and T. L. Blakemore, for plaintiff in error.

George H. Jennings and J. E. Thrift, for defendant in error.

C. B. Cochran, amicus curiae.

CORN, J. This is a tax ferret proceeding prosecuted by the county attorney of Creek county, wherein the county treasurer, and the county court, on appeal from the ruling of the county treasurer, successively held that nonproducing oil and gas leases are not subject to ad valorem taxation, and from the final order and judgment of the county court so holding said county attorney brought this appeal.

The case presents the question as to whether the lessee of a nonproducing oil and gas lease is subject to ad valorem taxation under the laws of this state.

The plaintiff in error admits that this court has held in numerous decisions contrary to its contention that the rights and interests of a lessee under an oil and gas lease are subject to ad valorem taxation, separately and apart from the land, but advances the argument that these decisions are in direct contravention of the provisions of the Constitution and statutes of the state of Oklahoma, and contends for an overruling of all such decisions, and for a judicial construction of the statute requiring a separate rendition of such rights and interests for taxation by the ad valorem method.

The question here presented is a settled question in this state, at least until such time as the Legislature may enact specific legislation subjecting oil and gas leaseholds, as such, to ad valorem taxation. In the case of In re Indian Territory Illuminating Oil Co., 43 Okla. 307, 142 P. 997, this court, in construing our tax laws, used the following language:

"The provisions of the statute already adverted to provide a complete system for the levying of all taxes upon an ad valorem basis; and we can find no warrant in any of them for levying an ad valorem tax upon an oil and gas lease as such. Generally, an oil and gas lease, a school land lease, or a lease of any sort, for that matter, undoubtedly is property. But, as we have hereinbefore stated, property itself is a creature of the law, and the classification thereof for purposes of taxation belongs exclusively to the legislative department. The Legislature, in classifying property for the purpose of taxation, is not required, and does not, always follow the common-law classification of property for other purposes. It will frequently be found that the enumeration of property in statutes as real or personal for the purposes of taxation differs considerably from what it would be for other purposes in the same state. Steere v. Walling, 7 R. I. 317.

"To determine that a certain article is property, according to the common-law or general classification, is not to determine whether it is taxable; to be taxable it must be selected as a subject of taxation according to the legislative classification for that purpose. Therefore the general rule is, no property can be assessed until the Legislature has made proper provision for this purpose; and, where the Legislature has

omitted to provide for the assessment of certain kinds of property, it is not within the province or power of the court to make such assessment. Willis, Ex'r, v. Commonwealth, 97 Va. 667, 34 S. E. 460; In re Taxation Patented Min. Lands, 9 Colo. 622, 21 P. 471; People v. Feitner, 167 N. Y. 1, 60 N. E. 265, 82 Am. St. Rep. 698; Wisconsin Ry. Co. v. Taylor Co., 52 Wis. 37, 8 N. W. 833; Daugherty v. Thompson, 71 Tex. 192, 9 S. W. 99; Trammell v. Faught, 74 Tex. 600, 12 S. W. 317; De Witt v. Hays, 2 Cal. 463, 56 Am. Dec. 352; Carter v. Tyler County, 45 W. Va. 806, 32 S. E. 216, 43 L. R. A. 725; Williams v. Triche, 107 La. 93, 31 South. 926. It is also observable that in many jurisdictions various interests in real property for purposes of taxation are made severable and assessable in the names of the owners of the respective interests. That, however, is not the case in this state. Under our system of taxation, real property, which for purposes of taxation means the 'land itself, all buildings, stocks, improvements, or other fixtures of whatsoever kind thereon and all rights and privileges thereto belonging or in any wise appertaining, and all mines, minerals, quarries or trees under or on the same,' must be assessed in the name of the owner of the land. This is in consonance with the general rule, which seems to be that where the law does not provide for a severance for purposes of taxation, and the lease is silent upon the subject, the obligation to pay taxes upon the leased premises devolves upon the lessor. Freeman v. State, 115 Ala. 208, 22 South. 560; People v. Barker, 153 N. Y. 98, 47 N. E. 46; East Tennessee, etc., R. Co. v. Morristown (Tenn. Ch.) 35 S. W. 771. However, the lessee's assumption of the payment of taxes and assessments does not relieve the lessor from his liability, nor does it enable the taxing authority to secure a personal judgment against the lessee. 1 Desty on Taxation, 436; Yazoo & M. V. R. Co. v. Adams, 76 Miss. 545, 25 South. 366; Miles v. Delaware & H. Canal Co., 140 Pa. 623, 21 Atl. 427; C., R. I. & P. Ry. Co. v. Ottumwa, 112 Iowa, 300, 83 N. W. 1047, 51 L. R. A. 763.

"But the fact that the Legislature has omitted to provide specifically for the assessment of any particular kind of property does not furnish ground for assuming that the Legislature has illy followed the constitutional mandate that all property shall be taxed at its fair cash value. * * *"

Real property for the purpose of taxation is defined by section 12331, O. S. 1931, as follows:

"Real property for the purpose of taxation shall be construed to mean the land itself, and all buildings, structures and improvements or other fixtures of whatsoever kind thereon, and all rights and privileges thereto belonging or in any wise appertaining, and all mines, minerals, quarries and trees on or under the same."

Section 12338, O. S. 1931, defines personal property for the purpose of taxation, and nowhere in the various classifications of personal property enumerated and set out in this section of the statute are oil and gas leases, or other leaseholds, classified as subjects of taxation.

Reading and construing the foregoing sections of the statute together, the court is unable to reach any other conclusion than that reached in the case of In re Indian Territory Illuminating Oil Co., supra, namely, that oil and gas, while lying in the strata of earth from which they are produced, must be taxed, if the land is taxable, as real property to the owner of the land, under which for the time being they may lie.

In the case of McNaughton v. Beattie, 181 Okla. 603, 75 P.2d 400, the holding in the I. T. I. O. Case, supra, was reaffirmed in the following language:

"It must be clearly understood that this separate taxable estate in the mineral rights exists only during the time when production is obtained from the property and gross production tax levied and paid thereon. Although the language in Kenoyer v. Board of Equalization, etc., supra, might indicate that the mineral rights are never subject to ad valorem tax, since they might be subject to gross production tax in the future, such was not the holding of the court. The facts therein disclose that minerals were being produced and a gross production tax was being paid during the period of time in question, and the holding therein must be limited to such facts. It is true that an added value cannot be given to property for its potential mineral wealth, when the minerals are not actually being extracted, because, as stated by Mr. Justice Kane, such would be merely a tax 'upon the illimitable vista of hope'; nevertheless, before oil or gas is discovered, or after such production has ceased, the mineral rights are subject to ad valorem tax as real property of the owner of the land. (In re I. T. I. O. Co. (1914) 43 Okla. 307, 142 P. 997.)

And in the case of Cochran v. Godard, 182 Okla. 506, 78 P.2d 692, where the owner of mineral rights in land paid taxes on the land which were a lien on the same prior to acquisition of said mineral rights, and redeemed the property from tax sale to the county, brought suit against the owners of the land to recover judgment for the amount of the taxes paid, in which case the plaintiff was given judgment against the owners of the land for the amount so

paid, and it was further held that the plaintiff was entitled to have the same decreed to be a lien on the owners' interest in the land. The court said:

"No production of minerals being shown on the premises involved, the mineral interest of plaintiff was assessed for taxes to the owners of the surface rights. In re Indian Territory Illuminating Oil Co., 43 Okla. 307, 142 P. 997; Meriwether v. Lovett, 166 Okla. 73, 26 P.2d 200; McNaughton v. Beattie, 181 Okla. 603, 75 P.2d 400."

It has been consistently held by this court that an oil and gas mining lease is not real property nor a freehold or corporeal interest therein, and that the execution of such a lease does not constitute a conveyance of lands, tenements, or other realty, or of a freehold or corporeal interest therein. This is true of leases having fixed terms, and it is equally true of leases having fixed terms followed by "and as long thereafter as oil or gas are found" or by any similar provision; it being the view and holding of this court that the legal character of an oil and gas lease in Oklahoma is as above stated regardless of the term of the lease, whether fixed or indeterminate. It has also been repeatedly and consistently held that such oil and gas mining leases are chattels real and are therefore personal property. Kolachny v. Galbreath, 26 Okla. 772, 110 P. 902; Tupeker v. Deaner, 46 Okla. 328, 148 P. 853; Kelly v. Harris, 62 Okla. 236, 162 P. 219; White v. McVey, 168 Okla. 19, 31 P.2d 850; Papoose Oil Co. v. Swindler, 95 Okla. 264, 221 P. 506; Stanolind Crude Oil Purchasing Co. v. Busey, 185 Okla. 200, 690 P.2d 876. (Being personal property, such oil and gas mining leases in Oklahoma are not taxable as real property or as conveyances of lands, tenements, or other real estate or of a freehold or corporeal interest therein.)

In view of the foregoing statutory provisions and decisions of this court, the judgment of the trial court is affirmed.

WELCH, V. C. J., and RILEY, OSBORN, GIBSON, and HURST, JJ., concur. BAYLESS, C. J., and DAVISON and DANNER. JJ., absent.