** Summary **
OIL AND GAS LEASE NOT SUBJECT TO DOCUMENTARY STAMP TAX LAW An oil and gas lease or an assignment thereof, is not subject to the tax imposed by the Oklahoma Documentary Stamp Tax Law, 68 O.S. 5101 [68-5101] — 68 O.S. 5107 [68-5107] (1971). Attorney General's Opinion No. 68-111 is hereby overturned and superseded by this opinion. The Attorney General has considered your request for an opinion contained in your letter dated May 16, 1972, wherein you ask, in substance: "Whether an oil and gas lease, or an assignment thereof, is subject to the tax imposed by the Oklahoma Documentary Stamp Law, 68 O.S. 5101 [68-5101] through 5107?" In your letter you make reference to an earlier Attorney General's Opinion, No. 68-111, which was issued on February 16, 1968. The conclusion contained in that opinion is as follows: "It is the opinion of the Attorney General that an oil and gas lease or an assignment thereof is a sale, grant, assignment, transfer, or conveyance of lands, tenements, or other realty under the Oklahoma Documentary Stamp Law, 68 O.S. 5101 [68-5101] — 68 O.S. 5107 [68-5107] (1967)." The answer to your question, and a determination as to whether the conclusion reached in Opinion No. 68-111 is a correct statement of the law, must necessarily be determined by the provisions of 68 O.S. 5101 [68-5101] (1971), which states: "A. There is hereby imposed on each deed, instrument, or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to or vested in the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale, exceeds One Hundred Dollars ($100.00), a tax at the rate of fifty-five cents ($0.55) for each Five Hundred Dollars ($500.00) or fractional part thereof "B. The tax is limited to conveyances of realty sold and does not apply to other conveyances. . . ." The central issue which must be determined in order to answer your question is whether, under the law of Oklahoma, an interest in an oil and gas lease is to be considered "realty" for the purposes of imposing the Oklahoma Documentary Stamp Tax. We need not look any further than the case of Phillips Petroleum Company v. Jones, 176 F.2d 737
(10th Cir. 1949) for an answer to that question. The following language is taken from page 739 of that decision: "Indisputably, Oklahoma and Kansas, without deviation have held that an oil and gas lease is a chattel real, a profit a prendre, or an incorporeal hereditament, which grants only the exclusive right, subject to legislative control, to explore by drilling operations; to reduce to possession, and thus acquire title to the oil and gas, which is personalty. See cases cited in Continental Supply Co. v. Marshall, 10 Cir., 152 F.2d 300. For Kansas decisions, see Connell v. Kanwa Oil, Inc.,161 Kan. 649, 170 P.2d 631; Wilson v. Holm, 164 Kan. 229,188 P.2d 899. In Oklahoma, it is said that while an oil and gas lease creates an estate in realty, that interest or estate is not 'real estate' within the meaning of the Oklahoma Statute relating to the 'sale of realty.' Duff v. Keaton, 33 Okl. 92, 124 P. 291, 42 L.R.A., N.S., 472; also see State vs. Shamblin, 185 Okl. 126, 90 P.2d 1053." Also on page 740 of that same decision appears the following language: "It may be conceded that when judged by the laws of the State of Oklahoma and Kansas, or the general federal law, an oil and gas lease is not realty or an estate therein." Opinion No. 68-111 quotes extensively from the language contained in Phillips Petroleum Company v. Jones, but that language is taken out of context when compared to the ultimate holding in the case. That holding is reflected by the language appearing on page 740 of the decision, which reads: "It may be conceded that when judged by the laws of the States of Oklahoma and Kansas, or the general federal law, an oil and gas lease is not realty or an estate therein. But even so, we are concerned only with the meaning and application of a federal excise tax, imposed by Congress in the exercise of its plenary power under the Constitution. It is the will of Congress which controls, and in the absence of express language to the contrary, the Act is to be interpreted to give uniform application to a nation-wide scheme of taxation." From a fair and full reading of the Phillips Petroleum Company v. Jones case, supra, it is readily apparent that the Court recognized that under the law of Oklahoma an oil and gas lease is not to be considered "realty" or an estate therein. However, the Court decided that the issue was not to be determined upon the laws of Oklahoma, but rather the federal law. The Act was interpreted to give uniform application to a nationwide scheme of taxation, thereby resulting in the imposition of a Federal Documentary Stamp Tax upon oil and gas leases in Oklahoma as "realty," even though the Court fully recognized that under the laws of the State of Oklahoma an oil and gas lease is not considered as "realty," or an estate therein. It is the opinion of the Attorney General that your question be answered in the negative. An oil and gas lease, or an assignment thereof, is not subject to the tax imposed by the Oklahoma Documentary Stamp Tax Law, 68 O.S. 5101-5107 [68-5101-5107]. Attorney General's Opinion No. 68-111 is hereby overturned and superseded by this opinion. (Odie A. Nance)