### SWAN v. KUEHNER.

No. 20316. Opinion Filed Dec. 1, 1931.

Withdrawn, Corrected, and Refiled April 22, 1932.

Rehearing Denied April 26, 1932.

W. M. Haulsee and Twyford & Smith, for plaintiff in error.

W. N. Redwine, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Seminole county. The defendant in error, as plaintiff, filed a petition and an amended petition to quiet the title to certain real estate against the plaintiff in error, as defendant. After an answer was filed by the defendant, the cause was tried to the court and judgment was rendered in part for the plaintiff and in part for the defendant. From that judgment the defendant appealed to this court, and the plaintiff filed herein a cross-appeal. Hereinafter the parties will be referred to as they appeared in the trial court.

The plaintiff alleged that he had title to and possession of the real estate involved in the action. He attacked a certain resale tax deed, which was of record in the name of the defendant. He alleged irregularities in the proceedings leading up to the issuance of the resale tax deed and that the same was void upon its face because of those irregularities. He prayed that his title to the land be quieted against the claim of the defendant under the resale tax deed. The answer of the defendant consisted of a general denial, a denial of the execution of certain of the instruments pleaded by the plaintiff in his chain of title, and a plea that the plaintiff's action was barred by the statute of limitations. The defendant relied upon the provisions of section 9746, C. O. S. 1921, as amended by section 6, chapter 158, Session Laws 1923, subdivision 3 of section 183, C. O. S. 1921, and section 9753, C. O. S. 1921. The plaintiff filed a reply which consisted of a general denial.

The judgment of the trial court was that the plaintiff have and hold undisputed possession of the property, that the defendant be enjoined and restrained from disturbing the plaintiff in possession thereof and that the plaintiff pay to the defendant the amount of money the defendant paid for securing the resale tax deed, the amount to be secured by a lien upon the property. The judgment was based on the finding that the plaintiff was in the undisputed possession of the premises and that the defendant had made no effort to enforce the provisions of the resale tax deed or to commence an action to recover possession of the real estate under the deed. We quote from the finding of the trial court, as follows:

"The court further finds that inasmuch as the purchaser of the land at the tax sale did not avail himself of the provision of the statute to commence action to quiet possession of plaintiff within twelve months as prescribed by the statutes, that he has no legal right by virtue of the statute of limitation or a defense thereto, to plead the statute of limitation against the plaintiff where he had himself put the record in this case to where it is impossible from a legal standpoint to ever bring action for possession of the land for the reason he is limited to twelve months limitation under the statute.

"The court further finds that inasmuch as the plaintiff claimed to be the owner of the property in controversy and has been and remained in possession without demand of any kind, without any interfering of that possession by the defendant until after the expiration of twelve months given him by the statute, that there is no way by which the defendant would get possession of the premises described in the petition because he himself by his own plea states; that he is barred also by the statute of limitation, and it is not necessary for this court at this time to pass upon the legal title to the property in controversy, but only the possessory right which is involved in this action, but the plaintiff being in possession of the land in controversy and described in his petition, that possession could be maintained as to him as against the world, and the possession of personal property is sufficient title to vest that possession in plaintiff as against anyone out of possession claiming title thereto, by virtue of a void instrument, and the court holds that inasmuch as the defendant in this case did not

commence action to acquire possession of the property within the twelve months from the recording of the tax deed, that he, too, is barred by the statute of limitation.

"The court, therefore, concludes as a matter of law that the continued and undisputed possession of the property will be given to the plaintiff and as to the legal title, the court expresses no opinion in relation thereto, and that the defendant will be perpetually enjoined from disturbing plaintiff and his right to the possession of the premises in controversy."

At the outset we are confronted with the question of whether or not the claim of the plaintiff was barred by the statute of limitations. The defendant asked for no affirmative relief. If the rights claimed by the plaintiff were barred by the statutes of limitation of Oklahoma, the judgment of the trial court was erroneous and should be reversed.

By reason of the importance of the question involved and the conflict in the decisions of this court we will review at length those decisions and the statutes upon which they are based and we will try to point out the distinction between tax deeds issued to holders of tax sale certificates, which we will hereinafter refer to as certificate tax deeds, and tax deeds issued pursuant to a resale of the property, which we will hereinafter refer to as resale tax deeds; between resale tax deeds which are void upon their face and resale tax deeds which are valid upon their face; between actions attacking resale tax deeds and actions asserting the validity of resale tax deeds; between actions for either purpose brought within one year and actions brought after the expiration of one year, and between resale tax deeds issued by one with authority to sell the land and issue a deed and resale tax deeds issued by one without authority to sell the land and issue a deed.

The plaintiff relies on the decision in Cadman v. Smith, 15 Okla. 633, 85 P. 346, an opinion by the territorial court. There was therein considered a certificate tax deed. It was therein held that:

"The patent owner of real estate who remains in possession thereof until the right of the holder of a tax deed to the same is barred of a right of action to recover possession thereof, may maintain an action to remove a cloud from his title because of such tax deed, where the grounds of such action are that such tax deed is void."

The basis of that decision was a quotation from Cooley on Taxation, page 562, as follows:

"Where the landowner of a patent title has retained possession until the tax pur-chaser is barred, he may bring suit in equity to remove the cloud from his title, and the tax purchaser, if in possession, has a corresponding right."

The statement of Mr. Cooley was a statement of an equitable principle in direct conflict with a plain provision of the statute in force at the time of the rendition of the opinion. Section 5668, Statutes of Oklahoma 1893 (section 9753, C. O. S. 1921), did not relate to actions for the recovery alone of real estate, but to actions to avoid tax deeds. By that decision there was read out of the statute the language "or to avoid such deed." That rule has been followed in many decisions of this court.

In Fickel v. Webb, Adm'r, 146 Okla. 16, 293 P. 206, there was under consideration a certificate tax deed. This court held that, since the former owner of the real estate had remained in possession of the premises until his death and since the action was brought by his personal representative, who was in possession, the one-year statute of limitation for an action assailing a tax deed, provided by section 9753, supra, did not apply. In support thereof there was cited Lind v. Stubblefield, 138 Okla. 280, 282 P. 365, Jackson v. Turner, 107 Okla. 167, 231 P. 290, and Dawson, v. Anderson, 38 Okla. 167, 132 P. 666. The Dawson Case and the Stubblefield Case each involved a certificate tax deed.

The Jackson Case involved a resale tax deed which this court found was "void upon its face." There is a material distinction between "resale tax deeds void upon their face" and resale tax deeds which are valid upon their face, and that distinction must be noted in a consideration of the effect of the statutes of limitation. It has not been noted in the language used in some of the opinions of this court, and in some of them "void deeds" has been used when "deeds void upon their face" was intended. The statutes of limitation with reference to resale tax deeds relate to instruments which appear on their face to have been executed in conformity to the procedure prescribed for the issuance of resale tax deeds. They do not relate to instruments which show upon their face not to have been executed in conformiey to the procedure prescribed for the issuance of resale tax deeds. The reason is obvious. Unless the instrument was executed in conformity to the procedure prescribed for the issuance thereof, it is in legal effect a mere scrap of paper and it is not a resale tax deed, though so denominated therein and though having the general appearance thereof.

Lind v. Stubblefield, supra, relied on by

the plaintiff, was a case wherein a plaintiff filed a petition to which the defendant therein interposed a demurrer. The demurrer was overruled. The defendant elected to stand on the demurrer, and judgment was rendered canceling the certificate tax deed and quieting the title to the property in the plaintiff and against the claims of the defendant. The only issues of fact or law presented in the case were those presented by the record as aforesaid. The plaintiff alleged that he was the owner of the premises and in possession thereof; that the land had not been properly listed for taxation; that it had not been properly advertised for sale for taxes; that no sufficient notice of the delinquent tax sale was given; that no notice of intention to demand a tax deed was given; that the land was sold while the plaintiff was a minor, and that 18 per cent. interest had been charged on the delinquent taxes instead of the lower statutory rate. The plaintiff's petition was filed within one year after the date of the recording of the certificate tax deed, but service was not had in the time or manner to stay the running of the statute of limitation as provided by section 187, C. O. S. 1921. The court held:

" 'So long as the original owner of land which has been sold for taxes remains in undisturbed possession of it, the statute of limitations does not run against him or prevent the maintenance of a suit to set aside the tax sale or remove the cloud on his title'."

Under the facts shown by the record in the case, that holding was in conformity with the holding of this court as hereinbefore set forth. It cannot be considered as a determination of the law with relation to resale tax deeds, for a resale tax deed was not involved therein. It cannot be considered as a construction of section 6, chapter 158, Session Laws 1923, for that section relates to resale tax deeds and not to certificate tax deeds. There was therein involved section 9753, C. O. S. 1921. A number of decisions from other courts were cited in an attempt to explain the language of that statute. The construction given to it was in accordance with the uniform holding of this court with reference to section 9753, supra, as follows:

"An action to set aside a tax deed for failure of the certificate holder to serve notice of his intention to apply for a tax deed, as required by section 9749, Comp. Stat. 1921, is not within section 9753, of the same statutes, prescribing a one-year limitation; the omission complained of being a jurisdictional defect and rendering the tax deed void."

The statutory procedure for the issuance of a certificate tax deed requires notice of the application therefor to be served in the manner provided by the statute, and the jurisdiction of a county treasurer to issue a certificate tax deed is dependent upon the service of such a notice. In the absence of such a notice, a county treasurer has no more authority to issue a certificate tax deed than the county clerk or the county attorney. The issuance of a certificate tax deed, when no notice has been given by the holder of a tax sale certificate of his intention to apply therefor, is not the defective execution of the power of a county treasurer, but an attempt on the part of the county treasurer to exercise a power which he does not have, and a certificate tax deed so issued is void for want of the power to execute the same. It is further held therein:

"Section 9753, Comp. Stat. 1921, requiring actions to recover possession of real estate and to test the validity of or to avoid a tax sale to be commenced within one year after the recording of the tax deed, does not apply as to jurisdictional matters or vital defects in proceedings relating to the tax sale."

The owner of real estate knows that the statutes of the state of Oklahoma provide that notice shall be given to him of the intention of the holder of a tax sale certificate to apply to the county treasurer for a tax deed. He knows that his right of redemption from a tax sale extends to the time of the execution of a tax deed by the county treasurer. He knows that he will not lose his land or the right to redeem the same by paying the taxes, interest, penalty, and costs attached thereon until notice of intention to apply for a tax deed is given as required by the statute. He is not required to watch the records of the county clerk to ascertain whether or not a tax deed has been issued on his property without the statutory notice and bring suit within one year to avoid a tax deed issued to the holder of a tax sale certificate without the giving of the statutory notice.

In Whitcomb v. Vaughan, 149 Okla. 81, 299 P. 216, the decision in Lind v. Stubblefield, supra, was followed. It was there held that a certificate tax deed procured without the required notice is fatally defective and that the statute of limitations as to tax deeds (section 9753, supra) does not apply.

We have commented at length on the decision in the Stubblefield Case because of the contentions of each of the parties hereto. We find nothing in the law as announced in the syllabus in that case that does not meet with our approval, although there are

some statements in the body of the opinion which appear to be too broad under the facts in that case. We think that the Stubblefield decision will cause no confusion when considered under the facts in that case, though confusion may arise when the statements therein made are sought to be applied to resale tax deeds.

The decisions with reference to the effect of section 9753, supra, as to certificate tax deeds, when considered together, are to the effect that that section has no application to actions "to avoid" such tax deeds, that provision in the language of the section having been read therefrom by the decisions commencing with the Cadman Case in 15 Okla. Reports. Under the rule announced in those decisions, the former owner of land, after the expiration of one year from the date of the recording of a certificate tax deed, may maintain an action to quiet the title to the real estate against the claims of the certificate tax deed holder, where the former owner has remained in possession of the real estate and where the holder of the certificate tax deed has not commenced an action within one year from the date of the recording thereof to recover possession of the land, the theory thereof being that the holder of the certificate tax deed lost his right therein at the expiration of one year after the date of the recording of the tax deed; the recorded certificate tax deed thereafter was a cloud on the title of the former owner, and that cloud could be removed in an action, notwithstanding the same was instituted more than one year after the recording of the certificate tax deed.

It is contended in this case that the same rule applies as to resale tax deeds, and we are called upon to determine whether or not that contention is correct.

In Massey v. Tucker, 141 Okla. 193, 284 P. 648, it was held that the failure of the county treasurer to substantially comply with the provisions of section 9735, C. O. S. 1921, was such an irregularity as to warrant the canceling of a resale tax deed where the action for that purpose was brought within one year after the recording of the resale tax deed.

In Pimm v. Waldron, 118 Okla. 5, 244 P. 37, the action was to quiet title. The plaintiff did not deraign his title or set forth a copy of the instrument under which he claimed until he filed his reply to the defendant's answer, at which time he set up a resale tax deed under which he claimed title, and alleged that the defendant was estopped from claiming title for the reason that he had not tendered to plaintiff the amount of taxes canceled by the resale tax

deed and that he had failed to pay the taxes on the land. The opinion does not show that the statute of limitations was relied upon by either of the parties to the action.

In Harmon v. Driver, 148 Okla. 289, 298 P. 601, a resale tax deed was under consideration. It was assailed because of irregularities in the proceedings prior to the resale. An attack thereon was made within one year after the recording of the resale tax deed. It was there held that a failure to comply with the provisions of section 9735, C. O. S. 1921, is such an irregularity as to warrant the canceling of a resale tax deed issued without compliance therewith, where an action for that purpose was brought within one year after the recording of the resale tax deed. That decision was based on the decisions of this court in Gaston v. Caruth, 116 Okla. 146, 243 P. 192, and Mannus-Dewall v. Smith, 139 Okla. 195, 281 P. 807.

In Wilkinson v. Gibbons, 98 Okla. 93, 224 P. 178, a resale tax deed was under consideration, the plaintiff asserting title thereunder. The defendants denied its validity on the ground that no sufficient notice of the sale of the land for taxes had been given, and pleaded that the action was barred by the statute of limitations. This court refused to pass upon the question of whether or not the action was barred by the statute of limitations, evidently for the reason that it held that the resale tax deed should be canceled for failure to comply with the statutory requirements in the proceedings leading up to the issuance of the deed. Since the defendants denied the validity of the resale tax deed and at the same time asserted that the action to establish the same was barred by the statute of limitations, and since this court held that the deed should be canceled for defects in the procedure leading up to the execution thereof, it was not necessary to determine whether or not the action to establish the deed was barred by the statute of limitations. The defendant was successful in one contention and it was immaterial in that case whether or not he was correct in his other contention. It will be noted that therein the holder of the resale tax deed did not rely upon the statute of limitations, but sought to have his resale tax deed declared valid. The statute of limitations applicable at that time was section 6, chapter 130, Session Laws 1919, and section 6, chapter 158, Session Laws 1923, the applicable statute in the case at bar, had not then been enacted.

There is nothing in the facts shown in the Massey, Pimm, Harmon, and Wilkinson decisions or the law therein stated that is

of any benefit to us in the consideration of the question at issue here.

We will consider the history of the tax resale legislation and attempt to show the distinction that has been made by the Legislature between certificate tax deeds and resale tax deeds, but we will first call attention to the fact that by the provisions of section 2, article 10, of the Constitution, it is made the duty of the Legislature to provide by law for an annual tax sufficient, with other resources, to defray the estimated ordinary expenses of the state for each fiscal year, and to the fact that by the provisions of section 5, article 10, of the Constitution, the power of taxation shall never be surrendered, suspended, or contracted away. In the absence of a showing to the contrary, legislation pertaining to delinquent taxes must be considered as being in harmony with the spirit of the Constitution and its object. The object of the Constitution in this particular is not alone the levying of an annual tax, but the procuring of the funds with which to defray the estimated ordinary expenses of the state. Providing by legislation for tax, without providing for the enforcement of the legislation and the collection of the tax, is futile.

In Michie v. Haas, 134 Okla. 57, 272 P. 883, we said:

"The primary object seemed to have been lost to the sight of the courts, that being that the object of tax sales was to support the government by enforcing the payment of taxes and that the resale was merely a delayed action for the benefit of the taxpayer as well as the state wherein the agency of the state bought the thing, when the owner defaulted and others failed to buy at the sale, and held the property for a period of two years for redemption, then to sell again for two purposes: (1) To secure what value possible for the property. as in foreclosure, and (2) to replace the property where it will again bear its proportionate share of governmental cost as property to be taxed."

We will consider the legislation on the subject as having been enacted for the purpose of procuring the funds with which to pay the ordinary expenses of the state.

Article 10, chapter 70, Statutes of Oklahoma 1893, being section 5643 to and including section 5671 of the running sections of that statute, related to and governed delinquent taxes. In Wilson's Revised and Annotated Statutes of 1903, the laws relating to and governing delinquent taxes were included in article 10, chapter 75, being section 6013 to and including section 6041 of the running sections of that statute.

The laws of the territory of Oklahoma, at the time of the admission of the state of Oklahoma into the Union, which were not repugnant to the Constitution and not locally inapplicable, were extended to the state of Oklahoma, under the provisions of section 2 of the Schedule of the Constitution. The statutes hereinabove referred to were extended thereunder and remained in force.

By the provisions of chapter 38 of the Session Laws of 1909, the laws relating to the raising and collecting of revenue were revised and codified. Article 9 thereof, being section 1 to and including section 27, related to and governed delinquent taxes.

By the provisions of chapter 72 of the Revised Laws of 1910, the laws relating to the raising and collecting of revenue were again revised. Article 9 thereof, being section 7389 to and including section 7422, related to and governed delinquent taxes.

There were subsequent legislative changes which we will refer to herein.

Under the provisions of section 8 (5650) of the Statutes of Oklahoma 1893, section 108 (6020) of Wilson's Revised and Annotated Statutes 1903, section 6, article 9, chapter 38, Session Laws 1909, section 7396, Revised Laws 1910, and section 9730, C. O. S. 1921, the treasurer, in all cases where taxes are a lien on real estate and unpaid, is authorized to proceed to advertise and sell the real estate for taxes and costs.

By the provisions of section 11 (5653) of the Statutes of Oklahoma 1893, section 111 (6023) of Wilson's Revised and Annotated Statutes 1903, section 9, article 9, chapter 38, Session Laws 1909, section 7399, Revised Laws 1910, and section 9733, C. O. S. 1921, the person who offers to pay the amount due on any parcel of land for the smallest portion of the same is to be considered the highest bidder therefor, and provision is therein made for the sale of portions of the land where the bid is for a smaller portion than the entire tract.

Under the provisions of section 15 (5657) of the Statutes of Oklahoma 1893, section 115 (6027) of Wilson's Revised and Annotated Statutes 1903, section 13, article 9, chapter 38, Session Laws 1909, section 7403, Revised Laws 1910, and section 9737, C. O. S. 1921, the purchaser at a tax sale is entitled to a certificate of sale and a lien on the land for the taxes for the year represented by the certificate and for the taxes levied for previous or subsequent year or years which were thereafter paid by the purchaser.

If no bidder offers to pay the amount due on the property, the county treasurer is authorized by the provisions of section 18

(5660) of the Statutes of Oklahoma 1893, section 118 (6030) of Wilson's Revised and Annotated Statutes 1903, section 16, article 9, chapter 38, Session Laws 1909, section 7406, Revised Laws 1910, and section 9740, C. O. S. 1921, to bid off the real estate offered *at the sale, in the name of the county, and to acquire the rights that would have been acquired by any other purchaser thereof.

The county treasurer is authorized, by the provisions of section 20 (5662) of the Statutes of Oklahoma 1893, section 120 (6032) of Wilson's Revised and Annotated Statutes 1903, section 18, article 9, chapter 38, Session Laws 1909, section 7408, Revised Laws 1910, section 9742, C. O. S. 1921, and section 2, chapter 158, Session Laws 1923, to sell the interest of the county to any purchaser, to assign and deliver to the purchaser the certificate held by the county, and to transfer to the purchaser the rights of the county as completely as if the purchaser had been the original purchaser at the tax sale.

The right of redemption from a tax sale is given to the owner of the real estate by the provisions of section 19 (5661) of the Statutes of Oklahoma 1893, section 119 (6031) of Wilson's Revised and Annotated Statutes of 1903, section 17, article 9, chapter 38, Session Laws 1909, section 7407, Revised Laws 1910, section 1, chapter 261, Session Laws 1917, section 9741, C. O. S. 1921, and section 1, chapter 158, Session Laws 1923.

If redemption from a tax sale is not made within the time provided for, the county treasurer is authorized to execute a certificate tax deed to the purchaser, by the provisions of section 24 (5666) of the Statutes of Oklahoma 1893, section 124 (6036) of Wilson's Revised and Annotated Statutes 1903, section 22, article 9, chapter 38, Session Laws 1909, section 7415, Revised Laws 1910, chapter 184, Session Laws 1915, and section 9749, C. O. S. 1921.

By the provisions of section 25 (5667) of the Statutes of Oklahoma 1893, section 125 (6037) of Wilson's Revised and Annotated Statutes 1903, section 23, article 9, chapter 38, Session Laws 1909, a certificate tax deed was to be acknowledged and delivered, and that deed was made presumptive evidence of certain facts. It was therein provided that to defeat the deed, a person desiring to set the same aside and recover the land, or to resist the recovery of possession by the holder of the deed, was required to do certain things. There was a further provision that the deed was to be conclusive as to certain things therein stated. The revisers, in preparing the Revised Laws of

1910, struck the conclusive provision therefrom and divided the section into three parts. It now appears as sections 7416, 7417, and 7418, Revised Laws of 1910, and as sections 9750, 9751, and 9752, C. O. S. 1921. Section 9752, supra, was amended by section 1, chapter 67, Session Laws 1921.

By section 26 (5668) of the Statutes of Oklahoma 1893, it was provided that:

"No action shall be commenced by the holder of the tax deed or the former owner or owners of lands by any person claiming under him or them to recover possession of the land which has been sold and conveyed by deed for nonpayment of taxes, or to avoid such deed, unless such action shall be commenced within one year after the recording of such deed; and in case of action to avoid the deed not until all taxes, interest and penalties, costs and expenses shall be paid or tendered by the parties commencing such action."

That section was carried forward in substantially the same words in Wilson's Revised and Annotated Statutes of 1903 as section 126 (6038), in section 24, article 9, chapter 38, Session Laws 1909, in section 7419, Revised Laws 1910, and as section 9753, C. O. S. 1921, there having been no material change in this section and the section appearing in the 1921 statute in the indentical words hereinabove quoted. That section, when first adopted, could have had no reference to resale tax deeds, for there was no provision for resale tax deeds at that time. It will be noted that there was no provision in the Statutes of Oklahoma of 1893 as to what should be done with property purchased at a tax sale by the county treasurer when no person had offered to purchase the same from the county treasurer. In o'her words, there was no provision made therein for a resale of the property.

Provision for a resale of such property was included in Wilson's Revised and Annotated Statutes of 1903 by the inclusion in section 121 (6033) thereof of the provisions of the Act of March 12, 1897, amending section 21 (5663) of ar'icle 10, chapter 70, of the Statutes of Oklahoma of 1893.

By the provision of the section, as amended, whenever the county treasurer of any county shall bid off any real estate in the name of his county, he shall make out a certificate of purchase to the county, which he shall retain in his office until the same is sold to a purchaser, and where no one offers to buy the same and the land is unredeemed for three years from the date of the sale, the county treasurer is authorized to advertise and sell the real estate at a resale, after notice as therein provided

has been given. On the date of the sale he is authorized to sell the same to the highest bidder and to execute a deed to the purchaser.

The necessity for such procedure is evident. The government must collect its taxes in order that it may have funds with which to operate. The taxes on the real estate have not been paid and the land has been offered for sale. No one has offered to purchase the same and the county has been required to purchase it. No one has offered to purchase the certificate from the county; no one has offered to redeem the land from taxes, and a period of three years has expired. The county has failed to collect the money due as taxes and some inducement must be made to purchasers. Those inducements are contained in the provisions of the act. Where, at the first sale, only the smallest quantity of the land that will bring the amount of taxes, interest, penalty, and costs is sold, at a resale the entire tract is sold. Where, at the original sale, there can be no sale without a bid of the amount of the taxes, interest, penalty, and costs, at a resale the bid may be in any amount. Where a purchaser at an original sale is required to wait two years before making application for a deed, the purchaser at a resale is entitled to a deed within ten days after the sale. Where a purchaser at an original sale is required to give notice to the owner and to the person in possession before receiving a deed, the purchaser at a resale is entitled to a deed without notice other than that required of the resale.

It will be noted that the provisions of section 26 (5668) of the Statutes of Oklahoma 1893 applied only to deeds made to purchasers at an original sale and that they did not apply to purchasers at a resale. At the time of the enactment thereof, no provision had been made for a resale. By the 1897 amendment, supra, provision was made for a resale by the amendment of a section, as hereinbefore stated, but no amendment of or change in the limitation provision, section 26 (5668), supra, was made, and it was carried forward in Wilson's Revised and Annotated Statutes of 1903, section 126 (6038), without change. The provision with reference to a resale of property for taxes, section 121 (6033) of Wilson's Revised and Annotated Statutes of 1903, appears as section 19, article 9, chapter 38, Session Laws 1909, with certain immaterial changes in the language and with two material changes. The three-year provision was changed to two years, so that a resale was authorized where the land had been unredeemed for two years from the date of the sale and there was omitted that portion

which provides for the issuance of a deed. After the omission from the section of that provision there was no provision for the execution of a deed of conveyance at a resale. The revisers of the 1910 statute noted the action of the 1909 Legislature in eliminating the provision for the issuance of a resale tax deed, and in their revision, as a part of section 7412, they included:

"Within ten days after such sale the treasurer shall execute to the purchaser at such sale, his heirs or assigns, a deed of conveyance which shall vest in the grantee an absolute estate in fee simple in such real estate"

—thereby restoring to the delinquent tax procedure a provision for the execution and delivery of a resale tax deed. Section 7412, supra, was amended by chapter 47, page 55. Session Laws 1915, in two important particulars. In one of them provision was made for the purchase at a resale by the county treasurer of property offered at the resale which fails to bring the amount of taxes unpaid, with accrued interest and penalty, for the vesting of the title thereto in the county treasurer for the use and benefit of the county, the procedure relating to the sale to the county treasurer, and the procedure relating to the subsequent sale by the county treasurer. Provision was made for the issuance of a tax deed to the county treasurer. The other change was the striking from the section of that portion thereof as follows:

"Within ten days after such sale the treasurer shall execute to the purchaser at such sale, his heirs or assigns, a deed of conveyance which shall vest in the grantee an absolute estate in fee simple in such real estate"

—the inclusion therein of a provision for the execution of a deed to a purchaser at a resale, only after subsequent advertisement as therein provided, and the extension of the time of redemption to a period of ten days from the date of the subsequent advertisement. The evident purpose thereof was to add conditions to the issuance of a resale tax deed and to provide for the vesting of the title in the county treasurer for the use and benefit of the county in case no one offered to pay the amount of the taxes due and unpaid, with accrued interest and penalty thereon.

Section 7412, supra, was again amended by the provisions of section 6, chapter 130, page 187, Session Laws 1919. The provision included in the 1915 act requiring notice to be given after a resale and prior to the issuance of a deed was excluded therefrom, and the provisions with reference to the

purchase by the county treasurer for the use and benefit of the county, where no person offered to pay the amount of taxes, interest, penalty, and costs therefor, was excluded from the section. The return of the resale was made presumptive evidence of the regularity, legality, and validity of the official acts leading up to the resale. Provision was made therein that the resale deed should "cancel and set aside all taxes, penalties, and interest and costs previously assessed or existing against said real estate, including paving taxes and outstanding tax sale certificates."

The provision in the 1915 act for the purchase by the county treasurer at a resale for the use and benefit of the county, by the 1919 act, in substantially the same form, was made a part of section 5 of that act as an amendment to section 7411, R. L. 1910. The county treasurer was therein authorized to bid off the same in the name of the county and to issue a deed therefor in the name of the chairman of the board of county commissioners. It was therein provided that the county should not be liable to the state in any taxing district or to any special assessment lienholder for any part of the amount for which any such property might be sold. A similar provision was made for a subsequent sale by the county treasurer.

Section 7412, R. L. 1910, was carried forward as section 9746, C. O. S. 1921, and as section 6, chapter 158, Session Laws 1923. Therein material changes were made. The provision as to filing returns of resale in the office of the county clerk within ten days was changed to 30 days. The provision as to the execution of the deed was changed from ten days to 30 days. The provision with reference to the cancellation of paving taxes and outstanding tax sale certificates was eliminated. The provision, "six (6) months after said deed shall have been filed for record in the county clerk's office, no action shall be commenced to avoid or set said deed aside," was changed to provide for 12 months time.

The inclusion of the six months provision in the 1919 act and the 12 months provision in the 1923 act, when construed in connection with section 7, chapter 158, page 261, Session Laws 1923, repealing all acts or parts of acts in conflict therewith, were evidently intended as a limitation on the right of any former owner or owners to commence an action to avoid or set aside such a resale tax deed.

The Legislature evidently recognized that there had been read from the provisions of section 9753, supra, by the decisions of this court, the limitation provision as to actions to avoid a tax deed, and that, under the authority of those decisions, the former owner of land in possession thereof could maintain an action to quiet his title thereto against the claims of the holder of the tax deed, notwithstanding the one-year statutory limitation; that, in the language quoted by this court in Michie v. Haas, supra, as follows:

"'It had become proverbial, that a tax title was no title at all, and sale for taxes was as near a mockery as any proceedings having the appearance of legal sanction could be. The principal cause was the difficulty in proving the various steps essential to the validity of such a sale.' (Quoted from O'Grady v. Barnhisel, 23 Cal. 287.)"

—and that it was necessary that some additional inducement be offered to the purchase of land offered for sale at a tax resale.

The Legislature has power to provide either that the tax sale shall create a new title cutting off all prior liens and incumbrances and interests, or to provide that the tax purchaser shall acquire the interest only of the person in whose name the land was assessed or of the real owner. Cooley on Taxation, section 1492. Under the certificate tax deed procedure, certain taxes, interest, penalties, and costs were canceled by the certificate tax deed, but under the resale tax procedure, a resale tax deed cancels and sets aside all taxes, penalties, and interest and costs previously assessed or existing against said real estate at the time of the tax resale, and under the provisions of the 1923 act, a resale tax deed "* * * shall vest in the purchaser and grantee of said real estate an absolute and perfect title in fee simple to said land; and twelve (12) months after said deed shall have been filed for record in the county clerk's office, no action shall be commenced to void or set aside said deed, except as to infants, idiots, and insane persons or other persons under legal disability, who shall have one year after removal of such disability in which to redeem said real estate." By that provision there was granted to the purchaser of a resale tax deed rights that theretofore had not been granted.

This court is not authorized to say that the Legislature did not intend that the act should have the effect so clearly stated therein, and we cannot hold that, under the provisions of that act, the right of a former landowner to commence an action to avoid or set aside a resale tax deed, except in the instances quoted, shall extend beyond a period of 12 months after the resale tax deed has been filed for record in the office

of the county clerk, unless the resale tax deed is void upon its face or void by reason of a want of power and jurisdiction in the county treasurer to execute and deliver the resale tax deed. The purchaser at a valid tax resale procures a title from the government which is free and clear from any former right of any former owner of the real estate and which is in no wise dependent upon his bringing an action to obtain possession of the real estate or to establish the validity of his resale tax deed, and his title thereto is not divested at the end of one year from the date of the recording of his resale tax deed, though he has not obtained possession of the real estate during that one-year period and though he has not instituted an action during that period to procure possession thereof or to establish the validity of his resale tax deed. The rule announced in Cadman v. Smith, supra, and followed in other cases relating to certificate tax deeds, has no application. The 1923 act shows a clear legislative intent to limit the time during which a former owner of real estate may commence an action to avoid or set aside a resale tax deed to one year. The inclusion in that provision of an exception as to infants, idiots, and insane persons, or other persons under legal disability, must be construed as making effective the one-year provision as to all those not within the excepted classes. The act shows a clear legislative intention not to specially limit the time during which the holder of a valid resale tax deed may commence an action to procure possession of the land or to establish the validity of his resale tax deed, and the limitation applicable to the holder of a resale tax deed is the general statutes of limitation applicable to owners of real estate.

If the land was not taxable in the first instance, if the tax on the land had been paid, or if the county treasurer otherwise was without power or jurisdiction to execute a resale · tax deed, a different rule would apply, for in those instances there would be no defective execution of the resale tax deed, but a want of power and jurisdiction to execute any resale tax deed.

The 1923 act provides that "* * * such notice and return shall be presumptive evidence of the regularity, legality, and validity of all the official acts leading up to such resale." That presumption may be rebutted by the former owner or owners of the land in an action to avoid or set aside the deed commenced within one year after the recording of the deed; but at the expiration of one year the presumption becomes conclusive. The former owner has a right, for one

year after the date of the recording of the resale tax deed, to commence an action for the purpose of rebutting the presumption created by the legislative authority. The length of time is reasonable. The legislative power to provide for the issuance of a tax deed is the legislative power to provide a limited period in which the presumptions arising from the execution, acknowledgment, delivery, and recording of a resale tax deed may be rebutted, and the legislative power to provide that after the expiration of that period the presumptions may not be rebutted. Such is the effect of the decision of the territorial Supreme Court in O'Keefe v. Dillenbeck, 15 Okla. 437, 83 P. 540, which is based on the decisions in Pillow v. Roberts, 13 Howard (U. S.) 472, Leffingwell v. Warren, 2 Black (U. S.) 599, and the other cases cited therein. Therein there was quoted from Pillow v. Roberts, supra, the following:

" 'He was not bound to show that all the requisitions of the law had been complied with in order to make the deed a valid and indefeasible conveyance of the title. If the court should require such proof before the defendant could have the benefit of this law it would require him to show that he had no need of the protection of the statute before he could be entitled to it. Such a construction would annul the act altogether, which was evidently intended to save the defendant from the difficulty, after such a length of time, of showing the validity of his tax title' "

—and from Leffingwell v. Warren, supra:

" 'It is immaterial whether the sale and the deed be void or valid; it is sufficient that a sale has been made and the deed recorded, to bring the statute into activity, and after the lapse of the period limited to entitle the purchaser, and those claiming under him, to its protection'."

—and:

" 'The lapse of the time limited by such statutes not only bars the remedy, but it extinguishes the right, and vests a perfect title in the adverse holder. It tolls the entry of the person having the right, and consequently, though the very right be in the defendant, yet he cannot justify his ejecting the plaintiff'."

In Callander v. Brickner, 97 Okla. 37, 222 P. 531, section 7419, Revised Laws 1910 (section 9753, C. O. S. 1921), was applied to a resale tax deed. An examination of that decision discloses that it was based on the decision of this court in Clark v. Duncanson, 79 Okla. 180, 192 P. 806. In the Duncanson Case the action to avoid a certificate tax deed was commenced within one year after the recording thereof. There was no

resale tax deed involved in that suit and nothing therein said has any application to a resale tax deed. An attack was therein made upon the certificate tax deed upon the ground that the county treasurer did not cause notice to be given, as required by the provisions of the act of the Legislature approved March 22, 1911. It was therein properly held that for want of a notice there was no power or jurisdiction in the county treasurer to sell the land for taxes. There is nothing in that case to support the decision in the Callander Case, and the distinction between the limitations as to certificate tax deeds and those as to resale tax deeds should have been noted. While the court in that case held that a resale tax deed is a tax deed within the meaning of section 7419, Revised Laws of 1910 (section 9753, C. O. S. 1921), it made no reference to the limitation provision in the 1923 act, and it should not have done so, for the reason that the resale involved in that case occurred and the resale tax deed was recorded prior to the adoption of either the 1919 or the 1923 acts. The Callander Case, therefore, is not an authority as to the construction to be placed upon the 1923 act or the limitation of actions involving resale tax deeds thereunder.

. The limitation provision of the 1923 act was not considered by this court in Treese v. Ferguson, 120 Okla. 235, 251 P. 91, Hatchett v. Going, Co. Treas., 121 Okla. 25, 246 P. 1100, McGrath v. Rorem, 123 Okla. 163, 252 P. 418, Dixon v. Ol'phant, 126 Okla. 17, 261 P. 188, and Wolfe v. Brooke, 133 Okla. 128, 271 P. 669. In those cases resale tax deeds were held not to be void on their face, and the rule of construction announced and followed in other cases was not followed. An examination of those cases and that of Michie v. Haas, supra, discloses that every contention made by the plaintiff in this action as to the resale tax deed involved herein being void upon its face was decided contrary to the contentions of the plaintiff. We do not consider it necessary to review them herein. The resale tax deed involved in this action was not void upon its face under the decisions in those cases. In Michie v. Haas, supra, the decisions to the contrary were specifically overruled.

The limitation provision of the 1923 act was presented in Michie v. Haas, supra. This court held:

"A statute must be construed in accordance with the legislative in'ent, and to ascertain that intent the various provisions of the Legislature must be construed together"

—and applied the 1923 limitation prov'sion together with se'tion 9753, C. O. S. 1921.

It does not appear from the opinion what reliance was placed upon the provisions of section 9753, supra, and it was not necessary to distinguish the two provisions in that case, for the action was barred under either of them. In considering the Michie decision, we desire to call attention to an inadvertent statement in the third paragraph of the syllabus thereof, which might be considered as a holding that the owner of real estate has a right to redeem such real es'ate from a resale for a period of two years after the resale. Such was not the intention of this court. It was intended therein to hold that the right of redemption was extended for a period of two years from the original sale and for such additional time as may intervene prior to the issuance of the resale deed.

In Coday v. Allison, 136 Okla. 8, 275 P. 1060, section 9753, supra, and the 1923 act were again applied without distinction. It was not therein necessary to distinguish the two sections.

In Wilson v. Levy, 140 Okla. 74, 282 P. 679, it was contended that the holder of the resale tax deed could not defend the action to quiet the title for the reason that he had failed to obtain possession of the property involved or to commence an action on his resale tax deed within one year from the date of recording thereof. That contention was disposed of by hold'ng that the defendant was not barred by the statute of limitations, without any discuss'on as to the effect of the limitation provision of the 1923 act.

The plaintiff in this action did not pay the taxes on the real estate involved herein and on the first Monday in November, 1921, after due notice, the land was sold for taxes. No one offered to purchase the same and the county treasurer of Seminole county purchased the same at the sale. No one offered to purchase the certificate of sale from the county treasurer and the plaintiff did not redeem the land from the sale, and, af.er due notice, on the 21st day of April, 1924, the county treasurer sold the land at a resale to the defendant. Pursuant to that sale the county treasurer executed and delivered to the defendant a resale tax deed which is valid upon its face and which was filed for record in the office of the county clerk on the 22nd day of April, 1924. On the 1st day of F bruary, 1927, the plaintiff filed an action against the defendant in wh'ch he sought to have the dis rict court of Seminole county declare that the defendant had no right, va'id claim, or title or any interes' whatsoever in the premises and that the title of the plaintiff be quieted and that the defendant be perpetually barred and en-

joined from setting up or asserting any interest in the premises adverse to the plaintiff. The trial court refused to determine the legal title to the land, but enjoined the defendant from disturbing the plaintiff in his possession of the land. The trial court was in error. The action of the plaintiff was not commenced within the period prescribed by the applicable statute of limitations for the commencement of such an action. The trial court should have so held and should have denied the plaintiff the relief sought. Inasmuch as the defendant did not seek affirmative relief, his rights were not adjudicated by the trial court and cannot be adjudicated by this court.

The judgment of the trial court is reversed and the cause is remanded to the district court, with directions to render judgment against the plaintiff denying the plaintiff the relief sought and in favor of the defendant for the costs of the action.

LESTER, C. J., and RILEY, HEFNER, CULLISON, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and SWINDALL, J., absent.