**WEBB et al. v. KETCHAM et al.**

No. 20923. Opinion Filed May 31, 1932.

Joe W. Simpson and Amos T. Hall, for plaintiffs in error.

Bailey E. Bell and Tom A. Aggas, for defendants in error.

KORNEGAY, J. This is a proceeding in error by Staley Webb, the original owner of lot 27, block 7, Berry-Hart resubdivision of blocks 7 and 10, Roosevelt addition to the city of Tulsa, Tulsa county, Okla., to re-

view the action of the district court of Tulsa county confirming title in the defendant in error, under a resale tax deed made to Tulsa county, and under a deed by Tulsa county made to the defendant in error H. E. Ketcham. There was a great deal of procedure in the matter, arising out of what was done with the lot without looking up the records.

The present defendant in error furnished the lumber to build a house on the lot, under a contract with Staley Webb, plaintiff in error. At the time this lumber was furnished, the property had been sold for taxes, and the county had bought it in. No redemption had been had for the two-year period. It had been advertised then and resold, and nobody bid on it, and the county again bought it in, and such was the record at the time the material was furnished to build the house, and such was the record at the time of the filing of the lien statement and at the time of the bringing of the suit. Evidently it was discovered by the plaintiff that such was the case, and so the plaintiff, through an employee, bought the lot from the county, pending suit, and received a "county deed" for it.

Apparently, the present plaintiff in error did not take very much interest in the question, as he was overwhelmed with judgments, and also there was a claim against the property for labor on it, which had been put into the form of a mechanic's lien, filed. From time to time new parties were made, and the plaintiff below, who furnished the lumber, evidently recognizing that the deed that had been made at the resale of the property had vested the title in the county, fortified himself with the purchase. The final outcome of it was that the court held that this deed was dominant, and entitled the original plaintiff to the decree that is now complained of. No one else, outside of the one who was in possession of the property, Webb, and whose duty it was to pay the taxes, has appealed.

The position is taken that champerty entered into the matter, by reason of the fact that Ketcham had one of his employees to buy the property from the county for him, and later he transferred it to Ketcham. We do not think the champerty law applies in this matter, and there are several reasons for it. It is tax procedure leading up to a deed finally to the county, and by the county transferred in order to enable it to get the property back on the tax roll, and the one who had furnished the material for the improvement, in order to protect this interest, had bought it from the county in the name of one of his employees, both of whom were made parties to the litigation.

The second proposition is that the action of Ketcham to recover the property by virtue of his county deed was barred by limitation. We do not think, however, that the way the record exists in this case, such could be. The property stood in the name of the county at the time the suit was brought, as well as at the time of the furnishing of the material, not, however, under a certificate, but by virtue of a formal deed made pursuant to a resale, the resale deed being dated May 16, 1926, and the property being conveyed by the resale deed to Tulsa county. Tulsa county held the property and conveyed it to E. J. Dean on the 7th of November, 1927. He quitclaimed it on the 13th of September, 1928, having been made a party to the lawsuit on the 8th of November, 1927. The holder of the land merely continued to occupy and get the benefit, and and took no steps to invalidate in any way the resale deed, though the county took no steps to possess itself of the property while holding the resale deed.

Point is made that limitation had barred the light of recovery by the county's grantee of this property that the county had derived by virtue of resale. We think there are two sufficient answers to the contention, one is that the county held the property for the purpose of getting out of it what was due for taxes, proceeds to go to the common school fund of the county, and the other is that the short statute of limitations of twelve months would not bar, under the recent decision of this court of Swan v. Kuehner, 157 Okla. 37, 10 P. (2d) 707.

The cause is accordingly affirmed.

RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur. McNEILL, J., disqualified. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.