## FULLERTON v. CARLOCK.

No. 26944. Feb. 23, 1937.

Fullerton & Fullerton, for plaintiff in error.

S. R. Harper, for defendant in error.

PER CURIAM. This action was brought by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the recovery of real property, and to quiet title. A jury was waived and the cause tried to the court. The parties will be designated herein as in the trial court.

Plaintiff's title was based upon a deed from Comanche county, and it was agreed by defendant that such deed was sufficient to convey to plaintiff whatever title the grantor owned in the property, which consisted of a certain vacant lot in the city of Lawton. The title of Comanche county was acquired under and by virtue of a certain resale tax deed, a copy of which was

attached to plaintiff's petition. Defendant contends that said resale tax deed is void on its face, and that it was insufficient to pass the legal title to the real estate to Comanche county, and further contends that plaintiff's action was barred by the statute of limitations.

We have searched the record, but find no evidence therein with respect to the question of possession of the real estate covered by the resale tax deed and the county deed. The plaintiff alleged in his petition that he was the owner in fee simple of the real estate in controversy, and that he was entitled to the immediate possession thereof, but the defendant, beyond denying generally the allegations of plaintiff's petition, made no allegation with respect to possession, and offered no proof at the trial that the plaintiff was not in possession, or that he, the defendant, was in possession. Defendant made no offer to pay the taxes on the real estate, and did not plead the statute of limitations, but at the trial of the case the defendant objected to the admission of the resale tax deed upon the ground that the same was void on its face, for several reasons alleged by the defendant, including the following:

"From the pleadings in the case, it is admitted that the plaintiff is not in possession, and this, considered with the deed offered in evidence, shows that his action, if any, is precluded by the statutes of limitations in such case made and provided."

Judgment was rendered in favor of the plaintiff and against the defendant, and from this judgment the defendant has appealed, alleging error.

Defendant contends that plaintiff's cause of action is barred by the statute of limitations, to wit, section 99, O. S. 1931, which provides:

"Third. An action for the recovery of real property sold for taxes, within two years after the date of the recording of the tax deed."

We find no authority holding that this section applies to an action instituted by the grantee under a resale tax deed. This section was a part of our statutes long before the resale tax statute was enacted, and we are of the opinion that section 99, O. S. 1931, was intended to govern procedure in suits filed by the original landowner against the grantee under a certificate tax deed, as distinguished from a resale tax deed, and that it has no application here.

Under the provisions of section 6, chap-

ter 158, Session Laws 1923, being section 12756, O. S. 1931, it is provided:

"* * *Twelve months after said deed shall have been filed for record in the county clerk's office, no action shall be commenced to void or set aside said deed, except as to infants, idiots and insane persons or other persons under legal disability who shall have one year after removal of such disability in which to redeem said real estate."

This statute was interpreted in Swan v. Kuehner, 157 Okla. 37, 10 P. (2d) 707, wherein this court said:

"* * *There is no limitation as to the time during which the holder of . the resale tax deed may commence an action to procure possession of the land or to establish the validity of his resale tax deed, and the limitation applicable to him is the general statute of limitation applicable to owners of real estate."

And in Webb v. Ketcham, 157 Okla. 294, 12 P. (2d) 191, this court held:

"The purchaser of land from the county, which holds it under a resale tax deed, is not barred by the statute of limitations of twelve months."

In that case the resale tax deed to the county was dated May 16, 1926, and the county conveyed by county deed on November 7, 1927, to E. J. Dean, who quitclaimed it on September 13, 1928, to H. E. Ketcham. During this time the former owner of the land continued in possession, and defended the action on the ground of limitation. In its opinion this court said:

"Point is made that limitation had barred the right of recovery by the county's grantee of this property that the county had derived by virtue of resale. We think there are two sufficient answers to the contention: One is that the county held the property for the purpose of getting out of it what was due for taxes, proceeds to go to the common school fund of the county, and the other is that the short statute of limitations of twelve months would not bar, under the recent decision of this court of Swan v. Kuehner, 157 Okla. 37, 10 P. (2d) 707."

Plaintiff contends that the defense of the statute of limitations was not properly raised in this case and cannot be considered by the court, but in view of the conclusions reached by the court, we deem it unnecessary to pass upon this question. Defendant contends that the statute runs against the county grantee in a resale tax deed, on the theory that a private, and not a public right is involved.

In Herndon v. Board of County Commis-

232

sioners, 158 Okla. 14, 11 P. (2d) 939. this court laid down the rule as follows:

"The determining factor as to whether the statute of limitations runs against a cause of action, to which the state or a subdivision thereof is a party, is determined by whether the right affected is a private right or a public right."

It is clear that the resale tax deed was acquired by the chairman of the board of county commissioners on behalf of the public, and that a public right and not a private right is affected. This being true, the statute of limitations would not run against the resale tax deed during the time the title was in the county, and it is not even contended herein that the statute had run after the plaintiff purchased the county deed from the board of county commissioners. Webb v. Ketcham, 157 Okla. 294, 12 P. (2d) 191.

The sole remaining question is whether or not the resale tax deed is void on its face. If it was void on its face, the plaintiff had no right to recover thereon.

An examination of the deed discloses that it was executed upon a form prescribed by the State Examiner & Inspector under the provisions of section 12756, O. S. 1931, and we are of the opinion that under the holding in Mahoney v. Estep, 171 Okla. 101, 38 P. (2d) 537, the resale tax deed in this case was not void on its face.

Since the resale tax deed was not void on its face, the trial court committed no error in permitting it to be introduced in evidence and in rendering judgment in favor of the plaintiff.

The judgment is accordingly affirmed.

The Supreme Court acknowledges the aid of Attorneys Kenneth Lott, L. L. Cowley, and A. D. Cochran in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Lott and approved by Mr. Cowley and Mr. Cochran, this opinion was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion, as modified, was adopted.

BAYLESS, V. C. J., and WELCH, PHELPS, CORN, and HURST, JJ., concur.