LANE, Adm'r, et al. v. BASS.

No. 31379.   March 7, 1944.

*146 P. 2d 563.*

H. H. Cook, of Atoka, for plaintiffs in error.

John L. Boland, of Caddo, for defendant in error.

BAYLESS, J. This is an appeal from the district court of Atoka county. Amos K. Bass, the holder of a resale deed, instituted an action in that court against Theodore Lane, administrator, et al., to quiet title to and recover possession of certain real estate. The defendants appeal from a judgment in favor of Bass.

The judgment in the trial court, and the sole issue presented and argued

here, involved the statute of limitations. It is admitted that the resale deed is dated May 14, 1938, and was recorded May 16, 1938, and this action was instituted January 22, 1941.

The defendants, relying upon Swan v. Kuehner, 157 Okla. 37, 10 P. 2d 707, Winters v. Birch, 169 Okla. 237, 36 P. 2d 907, and Webb v. Ketcham, 157 Okla. 294, 12 P. 2d 191, assert that the two-year statute of limitations provided in 12 O. S. 1941 § 93 (3) governs, and the plaintiff's cause of action was barred. The plaintiff cites the same cases and in addition Fullerton v. Carlock, 179 Okla. 230, 65 P. 2d 464, and argues that it is not the two-year statute mentioned in subdivision 3 of section 93, supra, but the general statute of limitations applicable to the recovery of real estate that governs. We presume he means by this the 15-year period prescribed in subdivision 4 of section 93, supra.

We are of the opinion the defendants are correct. In Swan v. Kuehner, supra, the court went at great lengths to distinguish resale deeds from certificate sale deeds with respect to the statute of limitations, and pointed out that the twelve-months statute prescribed for actions seeking to avoid resale deeds did not apply to actions by a resale deed holder to recover possession of the property, but, as said in Winters v. Birch, supra, "This leaves in force as a limitation on such actions only the general statute of limitation applicable to owners of real estate as contained in section 99 O. S. 1931 (sec. 93, supra)" (parenthesis ours). Nothing that is said in Fullerton v. Carlock should be taken to limit our decision in Winters v. Birch, supra, and in Fullerton v. Carlock, supra, full recognition was given to Swan v. Kuehner supra, but the court seems not to have noticed or discussed Winters v. Birch, supra, and in any event, issues in Fullerton v. Carlock differen-

tiated that case from Winters v. Birch, supra, and the problem before us.

The earlier Kansas cases involving similar issues seem to be in conflict, as can be seen from reading Walker v. Boh, 32 Kan. 354, 4 P. 272, wherein the court took plaintiff's view of the matter, and in addition, said that an action by a tax deed holder to obtain possession was not "an action for the recovery of real property sold for taxes, . . ." within the meaning of their statute, which is identical with section 93 (3), supra; and a decision by the same court, Smith v. Jones, 37 Kan. 292, 15 P. 185, where both issues were decided directly to the contrary of Walker v. Boh, supra.

Our definition of the meaning of the recovery of real property in Chiles v. De Lana, 187 Okla. 415, 103 P. 2d 63, conforms to Smith v. Jones, supra, and fits precisely subdivision 3 of section 93, supra, and therefore renders inapplicable subdivision 4, of section 93, supra, which is designed to govern actions not otherwise provided for.

We are of the opinion that the plaintiff's action to obtain possession of this property was filed after the two-year statute had barred his cause of action, and that the plaintiff's judgment in his favor was erroneous. We observe that the defendants tendered the amount of taxes, interest, and costs necessary to do equity in the matter under the decisions of this court, and we must assume that on remand and the rendition of judgment in favor of the defendants appropriate relief will be rendered in favor of Bass in this respect.

The judgment of the trial court is reversed and the cause is remanded, with directions to dismiss the plaintiff's cause of action and to take other and further proceedings in conformity with the views expressed herein.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur.