Homer H. DUNLAP and Helen R. Dunlap, Plaintiffs in Error,

v.

Julia Fisher MAYER, Mary Margaret Ray, John Mayer and Elizabeth Ann Sullivan, Defendants in Error.

No. 38128.

Supreme Court of Oklahoma.

June 23, 1959.

F. M. Bookstore, Oklahoma City, for plaintiffs in error.

Eugene P. Ledbetter, Jr., Oklahoma City, for defendants in error.

BLACKBIRD, Justice.

This appeal involves a controversy over the ownership of land lying in the North Canadian river bottom, in Oklahoma City. It is described as Lots 1, 2, and 3, Block 9 of the Patrick-Pottenger Addition to the said City, but no lots, blocks and streets have ever actually been laid out, or marked off, thereon; and it has always looked like, and been used as, a rural tract.

Plaintiffs in error and defendants in error will hereinafter be referred to as plaintiffs and defendants, respectively, as they appeared in the trial court.

For many years, the three lots in question have been included in the same fenced enclosure with a much larger tract consisting of numerous lots in the same addition that one Homer H. Dunlap, Sr., father of the plaintiff, acquired by quitclaim deed executed in December, 1932, by one J. D. Edmiston and his wife. Edmiston and his wife obtained their title through a quitclaim deed previously executed and delivered to Edmiston by Fred T. Hotze and his wife, M. V. Hotze, in July of the same year. Neither of said quitclaim deeds contained any specific reference to, or description of, the lots involved in this action, but, after listing numerous other lots in the same addition by lot and block numbers, both deeds set forth the following recital: " * * * the parties of the first part are quitclaiming all their interest of what so ever nature in the entire *Pattrick* Pottenger Addition to Oklahoma City, Oklahoma."

During the period between the above mentioned date of December, 1932, and the elder Dunlap's death in February, 1935, the father leased the lots in question, along with lots specifically described in said deed, to one Blevins for agicultural purposes; and, since the father's death, his plaintiff son has continued the practice of leasing such lots together as one tract.

When taxes became delinquent on the three lots, they were sold to the county, and, in 1944, resold at tax resale to John Mayer, father of, and predecessor in title to, the defendants. Thereafter, the elder Mayer, in December, 1947, instituted an action docketed as the District Court's Cause No. 116979, in which he obtained a judgment in March, 1948, quieting his title to the lots in question (on the basis of his resale deed), and to some others in the same addition. Purported individuals referred to as "M. V. Holtze" and "Fred T. Holtze" were made parties to this action and included in the service by publication, but no appearance was entered or pleading filed

on their behalf. Since the hereinbefore mentioned deeds from the Hotzes to Edmiston and from the Edmistons to Homer Dunlap, contained no description of the lots in question by lot and block number, no reference was made to them in the deed indexes and records of the County Clerk's office pertaining to these lots. Consequently, it is not surprising that the grantees named in neither of said deeds were made parties to said quiet title action.

In 1954, plaintiffs instituted a quiet title action as to a large number of lots they allegedly owned in the Patrick-Pottenger Addition, including the three involved here. Later, in 1957, plaintiffs' cause of action, in so far as it involved these three lots was, by court order (consented to by the parties) separated from the original action and docketed under a different number and style. This latter action is the one out of which this appeal arose.

At the trial of this cause, the title plaintiffs attempted to establish was what they refer to as a "prescriptive" one. Their theory was that they, and their predecessor in title, had been in exclusive, adverse possession of the lots more than fifteen years next preceding the filing of the action. The writing which they relied upon to furnish them the "color of title" for prescription was the hereinbefore quoted recital in the deed from the Hotzes to Edmiston and from Edmiston to their predecessor, tending to represent that the grantors in said deeds were thereby conveying " * * * all of their interest of what so ever nature in the entire *Pattrick* Pottenger Addition * * *" (whether described or not).

There was no conveyance, or commonly recognized muniment of title, introduced in evidence to show that either of said parties was ever the owner of the three lots in question.

The defendants proved, without contradiction, that they and their predecessor in title had paid the taxes on the lots since the predecessor obtained the hereinbefore mentioned resale deed. They took the position that there was no prescriptive title per-

fected by plaintiffs either before or after the issuance of said deed; and, in their answer, prayed not only that plaintiffs take nothing by their action, but that their (defendants') title be quieted against plaintiffs' claims.

At the close of the trial, the court entered judgment finding "the issues of law and fact * * * against the plaintiffs and in favor of the defendants; * * *". The decretal portion of the judgment, however, consists merely of the following:

"It is therefore ordered adjudged, and decreed that the petition of the plaintiffs should be denied and the defendants discharged with their costs."

After the overruling of their motion for a new trial, plaintiffs perfected the present appeal.

Plaintiffs' argument for reversal is advanced under three propositions, and is directed principally toward alleged defects in defendants' title. They attempt to show that, in order for defendants to have been entitled to have their title quieted, they should have brought an action for that purpose, in which plaintiffs were made parties, within two years after the recording of their tax resale deed under Tit. 12, O.S. 1941 § 93, sub-sec. 3, or within five years after said recording under the 1949 Amendment of said Statute (Tit. 12 O.S.1951 § 93, sub-sec. 3); and that, having failed to do so, they cannot now correctly prevail in such an action. Their Proposition II reads as follows:

"Possession is necessary to maintain a quiet title action and possession alone if accompanied by a claim of right is sufficient to maintain a quiet title action against one with an inferior interest."

In support of their general position that possession is essential to a cause of action for quieting title and that defendants must have obtained possession in some lawful manner such as an action of ejectment filed against plaintiffs within one of the limitation periods above mentioned, plaintiffs rely primarily on Lane v. Bass, 193 Okl. 682, 146 P.2d 563, and Magnolia Pet. Co. v. Ball, 203 Okl. 514, 223 P.2d 136.

The fatal flaw in plaintiffs' position, as pointed out by defendants, is that the judgment appealed from in the present case is no adjudication as to any cause of action defendants may, or may not, have had for quieting their title. It awards defendants no affirmative relief. It merely refuses plaintiffs such relief in accord with the principle requiring such parties, in order to obtain judgment in a statutory quiet title action, to prevail on the strength of their own title rather than the weakness of their adversaries'. See Robertson v. Knighten, 192 Okl. 678, 139 P.2d 601.

Assuming, without deciding, that plaintiffs' position, as stated in their above quoted Proposition II, is correct as an abstract proposition, they completed no period of continuous adverse occupancy of the lots in question for the necessary fifteen years between defendants' muniment of title—the resale deed of 1944—and the trial of this cause in the year 1957. In Kasner v. Wilson, 202 Okl. 497, 215 P.2d 833, we held:

"A valid resale tax deed divests former owners of all their right, title and interest in the land, and vests in the purchaser an absolute and perfect title in fee simple. The term 'former owners', as used in this connection, includes not only the former owners of record but also includes all persons claiming an interest in the property by prescription, and *claims based upon prior occupancy are extinguished by the resale tax deed and cannot ripen into title by limitations by virtue of continued occupancy for less than fifteen years* after date of resale tax deed." (Emphasis ours.)

That decision seems to be in accord with a majority of those in jurisdictions where delinquent ad valorem taxes are a charge against the property only. See the Annotation at 50 A.L.R.2d 600, 604, 605.

In view of the foregoing, we find none of plaintiffs' arguments sufficient to demonstrate error in the judgment appealed from. It is therefore affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.

BERRY, J., concurs in result.