JAMES D. CONWAY, APPELLEE, v. COUNTY OF ADAMS, NEBRASKA, APPELLANT.

108 N. W. 2d 637

Filed April 21, 1961. No. 34819.

*Clarence A. H. Meyer*, Attorney General, *Homer G. Hamilton*, and *Donald L. Brock*, for appellant.

*Cline, Williams, Wright & Johnson, Richard N. Thompson, Conway & Irons*, and *John N. Marvel*, for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, and BOSLAUGH, JJ.

YEAGER, J.

In order to clarify what was said in the original opinion in this case it is deemed advisable to elucidate the following statement contained in the opinion: "In instances where the instrument creating the trust declares the character of the trust estate, that is, if it is declared to be personal property, and does not conflict with law, the declared intent has binding force and effect."

The particular point which requires clarification is

that the opinion concludes that the declaration of the trust indenture that the trust estate is personal property violates no law and is therefore binding on the parties to this action, but fails to make clear the assumption that the declaration violates no law.

The substantial theory of the plaintiff is that the tax is void and violative of law because it was assessed against this property as personal property whereas under law it is an interest in real estate.

It is of course true that parties to a contract cannot stipulate the nature of property for the purposes of taxation. The applicable rule is that whether property shall be taxed as real or personal property must be determined from the provisions of the statutes and the general distinguishing characteristics of real and personal property. See 84 C. J. S., Taxation, § 66, p. 169.

If it was not an interest in real estate but was personal property it was properly assessed and taxed. Real property is described as follows by section 77-103, R. R. S. 1943: "The terms 'real property,' 'real estate' and 'lands' shall include city and village lots and all other lands, and all buildings, fixtures, improvements, mines, minerals, quarries, mineral springs and wells, oil and gas wells, and privileges pertaining thereto."

Personal property is described as follows by section 77-104, R. R. S. 1943: "The term 'personal property' includes all property other than real property and franchises."

With reference to minerals which have been detached from realty the following appears in 58 C. J. S., Mines and Minerals, § 133, p. 212: "Where the minerals are severed and removed from their position or bed by mining, they become personal property, and are sold or pass like other personal chattels."

In Fawn Lake Ranch Co. v. Cumbow, 102 Neb. 288, 167 N. W. 75, in commenting upon the subject of the severance of minerals from land this court said: "The removal of minerals, whether held in solution upon the

land or resting in the soil and subsurface, is the removal of a component part of the real estate itself. The severance changes the character of the property, but it remains real estate until detached." This pronouncement was made in the light of the same statutory definitions of real and personal property as exist today.

In the instance involved here the property taxed is even farther removed from the real estate than mere severance. The property involved is only a right to participate in the avails or proceeds of sale of property which has been severed.

With the additional observations herein contained made a part of the original opinion the conclusion reached by that opinion is adhered to, and the motion for rehearing is denied.

ORIGINAL OPINION ADHERED TO.

MOTION FOR REHEARING DENIED.

SIMMONS, C. J., participating on briefs.