STATE OF NEBRASKA EX REL. FRANK B. SVOBODA,
APPELLEE, V. NORMAN H. WEILER, APPELLANT.

290 N. W. 2d 456

Filed March 25, 1980.  No. 42616.

Patrick B. Hays, Deputy Keith County Attorney, for appellant.

Firmin Q. Feltz, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, J.

In this case, the relator filed suit in the District Court for Keith County, Nebraska, for a peremptory writ of mandamus directing the county assessor of Keith County, Nebraska, to add to the real estate tax rolls of Keith County, Nebraska, and place a value thereon, all severed mineral interests of real estate lying within the boundaries of Keith County. The trial court issued its peremptory writ of mandamus requiring respondent, the county assessor, to add to the real estate tax rolls of Keith County, Nebraska, all severed mineral interests in which Freedom Farms, Inc., was the owner of the surface rights, and directing that said real estate be listed on or before January 1, 1978, at 12:01 a.m. so the same could be assessed for tax purposes as required by section 77-1301, R. R. S. 1943. The respondent appeals. The relator does not cross-appeal. We affirm.

A brief statement of the facts is necessary. In 1975 the relator purchased 7½ sections of land in

Keith County, Nebraska. Said land was conveyed to Freedom Farms, Inc., a corporation owned by the relator. In 1960, the prior owners of the land conveyed by mineral deed to one Asa L. Henson, 63/64ths of the mineral interests in and to the real estate. Subsequently, Asa L. Henson conveyed to 57 others, by mineral deed, various interests in and to the mineral interests beneath the 7½ sections. By stipulation, the parties admit that relator had made demand on the respondent for the listing of the mineral interests on the tax rolls of Keith County, Nebraska, and that the respondent had refused to do so.

Section 77-201, R. R. S. 1943, provides in part: "All tangible property and real property in this state, not expressly exempt therefrom, shall be subject to taxation, * * *."

Section 77-103, R. R. S. 1943, defines real property: "The terms real property, * * * shall include * * * mines, minerals, quarries, mineral springs and wells, oil and gas wells, overriding royalty interests and production payments with respect to oil or gas leases, * * *."

Section 77-1317, R. R. S. 1943, provides in part: "It shall be the duty of county assessors to cause all lands and improvements in their respective counties that, for any reason, have not been assessed or have escaped taxation for any former year * * * to be placed upon the tax list * * *."

We have previously said that a mineral interest is real estate. In Fawn Lake Ranch Co. v. Cumbow, 102 Neb. 288, 167 N. W. 75 (1918), it is stated: "It was conceded at the argument that the owner of land holds from the center of earth to the sky, and that he may subdivide his estate laterally, conveying the right to the surface only to one individual, and reserving the right to the minerals to himself with power of disposal. * * *

"Whatever view may be taken in some states with reference to the nature and character of such an in-

strument and of the right to remove minerals from the land, the legislative definition prevails, and the property must be considered as real estate." See, also, Conway v. County of Adams, 172 Neb. 94, 108 N. W. 2d 637 (1961).

Therefore, it is obvious that the mineral interests conveyed by deed are real property under Nebraska law, and the assessor is bound by the statutes to assess that property. It follows that the judgment of the trial court requiring the assessor to separately list and tax said mineral interests was correct. This appears to be the view of the majority of jurisdictions that have passed on this issue. Wolfe County, & c v. Beckett, & c, 127 Ky. 252, 105 S. W. 447 (1908); Sims v. Vosburg, 43 N. M. 255, 91 P. 2d 434 (1939); Bilby v. Wire, 77 N. W. 2d 882 (N. D., 1956); Graciosa Oil Co. v. Santa Barbara, 155 Cal. 140, 85 Cal. Rptr. 545, 99 P. 483 (1909); Texas Company v. Daugherty et al., 107 Tex. 226, 176 S. W. 717 (1915); *Contra,* State v. Shamblin, 185 Okla. 126, 90 P. 2d 1053 (1939). The commentators agree that mineral interests should be taxed to the holder of the interest. See, 4 Summers, Oil and Gas, c. 26, § 784, p. 372, which refers to section 57-227, R. R. S. 1943. This section indicates: "* * * provides that a mineral or royalty interest in land is not affected by a lien for taxes against any other estate or interest in the land or minerals owned by another person. From this provision it must be concluded that separate estates in oil, gas and other minerals are assessed and taxed separately from the land itself."

Although evidence was introduced with respect to value, the court made no finding thereon and we make none. We merely point out the duty of the assessor to list real estate under the statute. The value to be placed thereon is a separate and distinct question to be determined initially by the assessor.

Finding no error in the record, we affirm.

AFFIRMED.

HASTINGS, J., participating on briefs.