REQUESTED BY: Robert E. Roeder, Logan County Attorney, Stapleton, Nebraska
1. Under the provisions of LB 59 of the 1981 Legislature, must an owner of the surface estate or the owner of a mineral interest who requests separate taxation of severed mineral interests file a new application each year for such separate taxation?
2. If, prior to the effective date of LB 59, the owner of the surface estate requested separate taxation of the mineral interests, and the assessor has complied, must a new application be filed after the effective date of LB 59, since not all of the requirements of LB 59 have been complied with?
1. No, except as to additional mineral interests severed from the surface estate.
2. No.
LB 59, which was passed with the emergency clause, provides that either the owner of the surface interest from which a mineral interest has been severed or the owner of a mineral interest which has been severed may file an application with the county assessor to place such severed mineral interest on the tax list. The applicant is required to furnish proof of ownership of the severed mineral interest and a record of the creation of such interest. The details, including the name and last known address of the owner or owners, must be provided in the form of an opinion of an attorney or a certificate prepared by a licensed abstracter.
Section 3 of the bill provides that all applications requesting separate listings of mineral interests and surface estate must be filed on or before January 1 of the year in which they are to be separately listed. Your question is whether this requires a new application each year.
While the statute is silent as to that question, we conclude that it would be unreasonable to ascribe any such intention to the Legislature. The standard presumption is that the Legislature intended to enact legislation which is fair and reasonable, rather than the opposite. Once an owner of an interest (in most cases, we assume, the owner of the surface estate) has asked for separate listing, it would be very unusual for him to want the mineral interests added back to his valuation, thereby increasing his taxes. To require him each year to go through the trouble of filing a new application, including hiring an attorney or paying an abstracter, would seem to be imposing on him a completely unnecessary burden and expense.
It would also be an unnecessary burden on the county taxing officials, who would have to change their records back and forth from separate listing to listing in the name of the surface owner each time the owner forgot to file his application. We cannot believe the Legislature intended any such result.
Of course, if the surface owner later sells other mineral interests, a new application for separate listing must be filed. The county assessor is not expected to search the county records to see whether a farmer who had previously sold one-fourth of the minerals under his farm, and filed an application for separate listing, has subsequently sold another one-fourth of such minerals. The application should be good only as to the mineral interest described in the application.
2. You also ask whether a new application, as provided in LB 59, is necessary where the surface owner had requested, and had been granted, separate listing of the severed mineral interests prior to the effective date of LB 59. The owner had not, of course, furnished all of the information required by LB 59.
Separate listing was authorized before the passage of LB 59. In the case of State ex rel. Svoboda v. Weiler,205 Neb. 799, 290 N.W.2d 456 (1980), the court held that mineral interests conveyed by deed were real property, that the assessor was bound to assess that property, and that upon request of the owner of the surface estate the assessor was required to separately list and tax such mineral interests.
Property Tax Directive No. 80-3, issued by the Tax Commissioner on April 23, 1980, advised the county assessors that they must, at the request of the owner of the surface estate, separately list severed mineral interests in the name of the owner of such mineral interests. No particular form of such request for separate listing was prescribed.
There is nothing in LB 59 which dictates a cancellation of separate listing of such interests in effect on the effective date of the bill. We are therefore of the opinion that in that situation it is not necessary for a new application, complying with the provisions of LB 59, to be made.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General